*In re* HON. ROBERTO M. MIRANDA RIVERA, JUEZ SUPERIOR, SALA DE MENORES DE CAROLINA, querellado.

*Número:* PAD–94–1          *Resuelto:* 17 de junio de 1996

---

*Pedro A. Delgado Hernández, Procurador General,* e *Yvonne Casanova Pelosi, Procuradora General Auxiliar,* querellantes; *José Herminio Santiago, Felipe Sánchez Rivera, Andrés García Arache* y *José M. Sagardía Arache,* abogados del querellado; *Daniel E. López Pritchard,* Presidente de la Comisión de Disciplina y de Separación del Servicio por Razones de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones.

PER CURIAM: Evaluamos una querella contra el Hon. Juez Roberto M. Miranda Rivera. La Comisión de Disciplina y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones de Puerto Rico (en adelante la Comi-

sión) emitió la Resolución de 20 de julio de 1995, en la cual nos recomendó imponer "la sanción de amonestación al juez querellado, quien debe quedar apercibido de que su conducta fue errónea y de que en el futuro debe asegurarse de cumplir fielmente con todas las normas administrativas que rigen a la rama judicial". Íd., págs. 13–14. Se le notificó esta resolución al Juez Miranda Rivera y al Procurador General conforme a la Regla 33(B) de Procedimiento de la Comisión. Luego de numerosos trámites y de la presentación de unas mociones,(1) el 31 de enero de 1996 el Juez Miranda Rivera presentó su Moción de Reconsideración al informe de la Comisión. Dicho organismo la declaró sin lugar y ratificó su informe en su totalidad el 9 de febrero de 1996. Presentado ante este Foro, conforme a la citada Regla 33(E), y con el beneficio de la comparecencia del Juez Miranda Rivera, según la Regla 35(A), consideramos sometida la querella y resolvemos.

I

Es un hecho no controvertido que el Juez Miranda Rivera *no asistió* a sus labores en el Tribunal Superior de

---

(1) El 2 de agosto de 1995, el Juez Miranda Rivera nos solicitó la duplicación de la vista y, a la Comisión de Disciplina y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones de Puerto Rico (en adelante la Comisión), la paralización de los términos de la reconsideración. El 4 de agosto, la Comisión accedió y el 25 ordenamos la duplicación.

El 9 de octubre, el Juez Miranda Rivera solicitó la inhibición del Comisionado Asociado, Prof. Carlos I. Gorrín Peralta, fundado en que dicho Comisionado era abogado postulante, por lo que no cumplía con los requisitos para ser miembro de la Comisión, según establece su Regla 17(b)(3). Además, pidió la revisión por la Comisión de su informe final. El 9 de noviembre presentó la Moción en Apoyo a Moción de Inhibición. El profesor Gorrín Peralta, mediante Resolución de 8 de diciembre, expresó que no se inhibiría voluntariamente. La Comisión resolvió por mayoría no inhibirlo.

El 21 de diciembre, el Juez Miranda Rivera solicitó la paralización de los términos de cualquier procedimiento ante la Comisión por motivo de la época navideña. Ésta fue declarada no ha lugar.

El 18 de enero de 1996 la Comisión emitió una resolución para informarle que consideraría su Resolución de 20 de julio de 1995 como su informe final, a los fines del inciso (E) de la Regla 33.

Carolina, Sala de Asuntos de Menores, los días 29 y 30 de septiembre y 1ro de octubre de 1993. Previo a ausentarse dispuso, mediante Resolución de 24 de septiembre de 1993, la suspensión de cuarenta (40) casos ya señalados.

Es un hecho también que *no informó* a su supervisor inmediato, Hon. José A. Aponte Pérez, Juez Administrador General del Tribunal de Menores, que proponía ausentarse durante dichos días. *Tampoco excusó o explicó los motivos de sus ausencias.* Simplemente se limitó a expresar que fue "por razones personalísimas y de emergencia".

El Juez Miranda cargó las tres (3) ausencias a sus vacaciones regulares. Estos hechos condujeron a que la Oficina de Administración de los Tribunales realizara una investigación, nos sometiera el expediente y luego fuera considerado por la Comisión. De ahí surge la querella que nos ocupa.([2])

## II

Las disposiciones que gobiernan la solución de esta querella son las siguientes:

El juez cumplirá cuidadosa y diligentemente las obligaciones administrativas que le imponen las leyes y reglamentos aplica-

---

([2]) Se le imputó:

"CARGO I

"El Honorable Juez Roberto M. Miranda Rivera incurrió en violación del Canon V de Etica Judicial, el cual obliga a todo juez, entre otras cosas, a cumplir cuidadosa y diligentemente con las obligaciones administrativas que le imponen la ley y el reglamento aplicables a la Rama Judicial.

"CARGO II

"El Honorable Juez Roberto M. Miranda incurrió en violación del Reglamento de la Administración del Sistema de Personal de la Rama Judicial, [en adelante *Reglamento*] 4 L.P.R.A., Ap. XIII, Artículo 18.0, el cual dispone, entre otras cosas, la obligación de todo juez de mantener informado a su supervisor de su horario de trabajo.

"CARGO III

"El Honorable Juez Roberto M. Miranda Rivera incurrió en violación del *Reglamento*, 4 L.P.R.A., Ap. XIII, en su Artículo 19.1, el cual obliga a todo juez, entre otras cosas, a disfrutar de sus vacaciones en consulta con el Director Administrativo de los Tribunales." Resolución de la Comisión de 20 de julio de 1995, pág. 6.

bles a la Rama Judicial y las instrucciones de la Oficina de Administración de los Tribunales. Canon V de Etica Judicial, 4 L.P.R.A. Ap. IV-A.

.　　.　　.　　.　　.　　.　　.　　.　　.

(c) Las horas regulares de sesión del Tribunal serán de 9:00 A.M. a 12:00 M. y de 2:00 P.M. a 5:00 P.M., a menos que el juez que presida crea que deba prolongarlas. Sólo cuando medien circunstancias especiales, las cuales se harán constar por orden de dicho juez en las minutas de ese día, éste podrá acortar la duración de una sesión, aunque no haya terminado la labor asignádale para el día, *informando de ello inmediatamente al Juez Administrador.*

(d) Cuando el juez haya terminado la labor previamente asignádale para el día, o el estado de dicha labor lo permita, *notificará de ello al Juez Administrador*, quien le asignará cualquier otro asunto durante las horas de sesión. (Énfasis suplido.) Sec. 18(c) y (d) del Reglamento de la Administración del Sistema de Personal de la Rama Judicial, 4 L.P.R.A. Ap. XIII.

.　　.　　.　　.　　.　　.　　.　　.　　.

Al comienzo de cada año natural *el Juez Administrador o el Jefe de la dependencia correspondiente, determinará las fechas en que los funcionarios y empleados podrán disfrutar de sus vacaciones anuales* dentro del transcurso de cada año en la forma más compatible con las necesidades del servicio y someterá un plan de vacaciones al Director Administrativo de los Tribunales.

*En el caso de los jueces*, con excepción de los jueces del Tribunal Supremo, *el disfrute de vacaciones se hará en consulta con el Director Administrativo de los Tribunales*. (Énfasis suplido.) Sec. 19 del Reglamento antes citado, *supra*.

■ Vemos, pues, que cuando un juez, por cualquier razón, no puede cumplir con las horas regulares de sesión de los tribunales, *tiene* que, a la *brevedad* posible, dejárselo saber al Juez Administrador que le supervise. Es esa la única forma de hacer los arreglos pertinentes y cumplir con nuestra política judicial de atender el calendario judicial sin demoras injustificadas y lograr, a su vez, una justicia rápida y eficiente. *Heftler Const. Co. v. Tribunal Superior*, 103 D.P.R. 844 (1975); *Pueblo v. Arraiza*, 103 D.P.R. 243 (1975).

■ Además, los Jueces del Tribunal de Primera Instan-

cia disfrutarán de sus vacaciones regulares sólo mediante una consulta previa con la Directora Administrativa de los Tribunales. No puede ser de otra forma. Sólo así podemos administrar de forma adecuada nuestra limitada fuente de recursos humanos.

■ Como magistrados, tenemos el deber ineludible de abrir sesión todos los días, a la hora indicada. "Así lo espera el público. Así hacerlo contribuirá a enaltecer la dignidad de los tribunales y a estimular la puntualidad en los abogados." *Pueblo v. Arraiza*, supra, pág. 245.

## III

■ El Juez Miranda Rivera incumplió con sus deberes administrativos al no notificar previamente su intención de ausentarse *tres (3) días laborables consecutivos* al Hon. Aponte Pérez. Suspender arbitraria y unilateralmente por asuntos personales, *cuarenta (40) casos* señalados no era la alternativa. Debió comunicarle a su supervisor inmediato que no podría abrir la sesión durante esos tres (3) días y hacer los arreglos posibles para que los cuarenta (40) casos señalados fueran atendidos. Es lo menos que se merece el Pueblo, a quien servimos a través del sistema de justicia.

■ "La fragilidad humana no puede justificar que un juez entremezcle sus problemas e intereses personales con sus funciones judiciales" y administrativas. *In re Hernández Enríquez*, 115 D.P.R. 472, 487 (1984). "En nuestro sistema de gobierno, 'donde la voluntad del pueblo es la fuente del poder público [y] donde el orden público está subordinado a los derechos del hombre', la confianza del pueblo en su sistema de justicia es de vital importancia para el mantenimiento de la armonía social y esto le impone a cada [magistrado], en cada instante de su gestión profesional, la más cuidadosa auto-disciplina." *In re Rodríguez Torres*, 104 D.P.R. 758, 766–767 (1976).

■ Como bien señala el Juez Miranda Rivera en varios de sus escritos, "[n]o hay nada más preciado para un 'hombre de bien' que su dignidad y reputación en la comunidad". *Noriega v. Gobernador,* 122 D.P.R. 650, 654 (1988). Recordemos que la dignidad y reputación de esta institución, así como la de sus miembros, depende de nuestra conducta individual.

## IV

Se acoge la recomendación de la Comisión y se impone una sanción de amonestación al Juez Miranda Rivera. Quede apercibido él que su conducta fue lesiva al sistema y asegúrese de cumplir a cabalidad en el futuro con las normas administrativas que rigen la Rama Judicial. Se le ordena al Secretario del Tribunal que archive una copia de este *per curiam* en el expediente personal de abogado del Juez Miranda Rivera.

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Fuster Berlingeri no intervino.