AD-2000-3                                                      1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Hon. Roger Ferrán Quintana Juez del Tribunal de Primera Instancia | 2002 TSPR 93 157 DPR |
|---|---|

Número del Caso: AD-2000-3


Fecha: 28/junio/2002


Oficina de Administración de los Tribunales:

                        Lcda. Nilsa L. García Cabrera
                        Lcdo. Reinaldo González Colón
                        Lcda. Aida Juarbe de Meléndez
                        Oficina de Asuntos Legales


Abogado de la Parte Querellada:

                        Lcdo. Marco Antonio Rigau


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUETO RICO

In re:

Hon. Roger Ferrán Quintana
Juez del Tribunal de Primera
Instancia

                                 AD-2000-3         Conducta
                                                 Profesional

PER CURIAM

San Juan, Puerto Rico, a 28 de junio de 2002.

> He who the sword of heaven will bear
> > *Should be as holy as severe.*
> > *W. Shakespeare*, Measure for Measure,
> > Act III, Sc. II.

Debemos evaluar los méritos de una querella presentada contra el Juez del Tribunal de Primera Instancia Hon. Roger Ferrán Quintana, en la cual se le imputan violaciones a los Cánones I, V y XXVI de Ética Judicial de Puerto Rico[1] e infracción a los incisos (b), (c) y (d) del Artículo 18.0 del Reglamento de la Administración del Sistema de Personal de la Rama Judicial.[2] En síntesis, se alega en la querella que el Juez Ferrán Quintana firmó los Certificados de Asistencia Semanal de

---

[1] 4 L.P.R.A. Ap. IV-A

[2] 4 L.P.R.A. Ap. XIII

Jueces certificando su presencia para los días 21 y 28 de mayo de 1999, a pesar de que le constaba que en esos días no había comparecido a trabajar.  Asimismo, se le imputa haber faltado al trabajo en las referidas fechas sin avisar al Juez Administrador para que tomara las medidas procedentes para atender los casos que le estaban asignados.

Después de evaluar el Informe de la Comisión de Disciplina y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones (en adelante Comisión de Disciplina y Separación de Jueces) y la prueba documental que obra en el expediente, resolvemos que se configuró la conducta imputada y, a la luz de la naturaleza de los actos que originaron la querella, procedemos a suspender de empleo y sueldo al Juez Ferrán Quintana por el término de tres (3) meses.

**I**

**La Oficina de Asuntos Legales de la Administración de Tribunales radicó la presente querella contra el Hon. Roger Ferrán Quintana, Juez Municipal de Cabo Rojo al momento de los hechos, en la que se le imputaron los cargos siguientes:**

**Primer Cargo:**

**El Hon. Roger Ferrán Quintana incurrió en conducta impropia contraria al Canon I de Ética Judicial de Puerto Rico el cual, entre otras cosas, obliga a todo juez a velar porque sus actuaciones respondan a normas de conducta que honren la integridad e independencia de su ministerio y estimulen el respeto y la confianza en la judicatura.**

**Segundo Cargo:**

**El Hon. Roger Ferrán Quintana incurrió en conducta impropia contraria al Canon V de Ética Judicial de Puerto Rico, el cual obliga a todo juez a cumplir cuidadosa y diligentemente las obligaciones administrativas que le imponen las leyes y reglamentos aplicables a la Rama Judicial y las instrucciones de la Oficina de la Administración de los Tribunales.**

**Tercer Cargo:**

**El Hon. Roger Ferrán Quintana incurrió en conducta contraria a los incisos (b), (c) y (d) del Artículo 18.0 del Reglamento de la Administración del Sistema de Personal de la Rama Judicial, 4 L.P.R.A. Ap. XIII, el cual, entre otras cosas, establece que las horas de labor de todo el personal de la Rama Judicial serán de 8:30 a.m. a 12:00 a.m. y de 1:00 p.m. a 5:00 p.m.; que las horas de sesión del Tribunal serán de 9:00 a.m. a 12:00 p.m. y de 2:00 p.m. a 5:00 p.m., y que cuando un juez haya terminado la labor asignada para el día, notificará de ello al Juez Administrador, quien le asignará cualquier otro asunto durante las horas de sesión.**

Cuarto Cargo:

El Hon. Roger Ferrán Quintana incurrió en conducta impropia contraria al Canon XXVI de Ética Judicial de Puerto Rico, el cual establece que los Cánones de Ética Judicial son normas mínimas de conducta que todo juez debe observar fielmente, tanto en su letra como en su espíritu, por ser consustanciales con el cargo judicial.

Esta querella fue el resultado de un proceso investigativo que inició la Oficina de Administración de los Tribunales (en adelante OAT), a raíz de una queja presentada por el Hon. Carlos Alvarado Arroyo, Juez Administrador de la Región Judicial de Mayagüez. El Juez Alvarado Arroyo le remitió a la OAT las hojas de asistencia del Juez Ferrán Quintana correspondientes a las semanas del 17 al 21 de mayo y del 24 al 28 de mayo de 1999. En los Certificados de Asistencia Semanal el Juez Ferrán Quintana aparece firmando como presente los días 21 y 28 de mayo de 1999 de 8:00 a.m. a 12 m. y de 1:00 p.m. a 5:00 p.m.; y de 8:30 a.m. a 12:00 m. y de 1:00 p.m. a 4:43 p.m., respectivamente. No obstante, el Juez Alvarado Arroyo informó que en esos días el Juez Ferrán Quintana no compareció a trabajar.

Durante la investigación administrativa, la Oficina de Asuntos Legales de la OAT le notificó copia de la queja al Juez Ferrán Quintana y le solicitó sus comentarios al respecto. El Juez Ferrán Quintana contestó y le requirió a la Oficina de Asuntos Legales de la OAT que sus comentarios a la querella fueran juramentados.

En dicha comparecencia, el Juez Ferrán Quintana alegó, en resumen, que durante el mes de mayo, periodo en que ocurrieron los hechos que dan origen a esta querella, fue asignado a varios tribunales por lo que tenía que estar viajando frecuentemente y que además, tuvo que hacer turnos durante los fines de semana. Así también, señaló que confrontó múltiples problemas familiares. Sostuvo que debido a todo esto, en muchas ocasiones llenó las hojas de asistencia de memoria y consultando a su secretaria y a los alguaciles. Asimismo explicó, que como norma general los jueces no llenan las hojas de asistencia diariamente, sino que las llenan de "memoria" posteriormente. Por último, admitió que pudo haberse equivocado en cuanto a la anotación de alguna ausencia.

Al concluir la investigación administrativa, la Oficina de Asuntos Legales de la OAT le refirió a la Comisión de Disciplina y Separación de Jueces un Informe acompañado con la prueba documental y las declaraciones juradas acumuladas durante

dicho procedimiento.  Esta Comisión designó a un Comisionado Asociado, Lcdo. José Emilio Mota García, para que después de evaluar el Informe de la Oficina de Asuntos Legales de la OAT y la prueba presentada, hiciera la determinación de causa correspondiente, si lo estimaba procedente.

Así las cosas, el Comisionado Asociado determinó causa probable contra el Juez Ferrán Quintana y le ordenó a la Oficina de Asuntos Legales de la OAT que presentara la querella correspondiente, lo cual hizo.

Posteriormente, el Juez Ferrán Quintana contestó la querella y compareció por derecho propio.  Alego, en síntesis, que durante el mes de mayo de 1999 atravesó por una situación familiar difícil debido a la depresión de su señora madre después del fallecimiento de su señor padre.  Admite que era probable que de buena fe y por error se equivocara al llenar las hojas de asistencia y cometiera los errores señalados, pero que en ningún momento tuvo la intención de engañar o defraudar. En cuanto a las hojas de asistencia, aceptó no haberlas llenado diariamente e indicó que éstas se llenaban los fines de semana y que era práctica generalizada entre los jueces llenarlas "de memoria" cada dos o tres semanas.  El Juez Ferrán Quintana expresó, además, que como Juez Municipal tiene que atender, aparte del horario regular, turnos por la noche "y que eso motivaba que luego de un turno de éstos, el juez llegara más tarde al Tribunal; y siempre pusiera las 8:00 u 8:30 como hora de llegada".

Luego de varios incidentes procesales, se celebró una vista evidenciaria ante la Comisión de Disciplina y Separación de Jueces.  En esa ocasión, después que el Juez Ferrán Quintana prestara su testimonio, la continuación de la vista quedó señalada para una fecha posterior.

Llegada la fecha para continuar con los procedimientos y previo al inicio de la vista, la OAT y el Juez Ferrán Quintana, esta vez mediante su representante legal, llegaron a ciertas estipulaciones.  Entre ellas: (i) la OAT enmendó la querella original para eliminar la alegación en cuanto a la ausencia del querellado el día 24 de mayo de 1999; (ii) a cambio, el Juez Ferrán Quintana aceptó que estuvo ausente y no compareció a trabajar los días 21 y 28 de mayo de 1999, a pesar de que firmó el Certificado de Asistencia Semanal de Jueces como si hubiese comparecido a su trabajo; (iii) y se estipularon en evidencia veintitrés (23)

documentos como exhibits de la OAT.  Las partes no llegaron a estipulación alguna en cuanto a la medida disciplinaria.

Oportunamente, la Comisión de Disciplina y Separación de Jueces acogió las referidas estipulaciones y el caso quedó sometido para su resolución.  Después de la evaluación correspondiente de la prueba estipulada y documental sometida, la Comisión de Disciplina y Separación de Jueces  rindió su Informe, en el que determinó que el Juez Roger Ferrán Quintana no compareció a trabajar los días 21 y 28 de mayo de 1999.  No solicitó autorización ni informó al Juez Administrador previo a sus ausencias.  Sin embargo, firmó los Certificados de Asistencia Semanal de Jueces como si hubiese comparecido a trabajar en dichas fechas, en las cuales fue sustituido por otros jueces debido a su imprevista ausencia.  Conforme a dichos certificados, estuvo trabajando de 8:00 a.m. a 12:00 m. y de 1:00 p.m. a 4:55 p.m. el día 21 y de 8:30 a.m. a 12:00 m. y de 1:00 p.m. a 4:43 p.m. el día 28; "hechos que le constaban que no eran ciertos según se infiere [...] de la totalidad de la prueba."  Para la fecha en que el Juez completó la Certificación de Asistencia en cuestión no tenía días de vacaciones acumulados.  El Juez Administrador se enteró de la ausencia del Juez Ferrán Quintana cuando tuvo que hacer movimientos de jueces por necesidades en la Región Judicial.  Al llamar a la oficina del juez se le informó que no se había presentado a trabajar.

Quedó evidenciado además, que el Juez Ferrán Quintana completó y remitió los Certificados de Asistencia Semanal de Jueces varias semanas más tarde de lo que disponen las normas administrativas y que durante el mes de mayo de 1999 no fue asignado a atender turnos nocturnos, como alega.  Por último, el Comisionado Asociado determinó que el Juez Ferrán Quintana, ante la solicitud del Juez Administrador, se negó a comparecer a una reunión para discutir asuntos relacionados con su asistencia.

A la luz de estas determinaciones de hechos, la Comisión de Disciplina y Separación de Jueces resolvió que la conducta desplegada por el Juez Ferrán Quintana constituye una violación a los Cánones de Ética Judicial I, V y XXVI y a las normas administrativas y reglamentos de personal de la OAT.  Asimismo, recomendó como sanción una suspensión de empleo y sueldo por el término de tres (3) meses.

Luego de evaluar la querella presentada por la Oficina de Asuntos Legales de la OAT, la prueba presentada ante la Comisión de Disciplina y Separación de Jueces, así como el derecho aplicable, resolvemos.

## II

La confianza de una sociedad en un sistema de justicia depende en buena medida de la confianza que se tenga en los hombres que tienen la responsabilidad de impartirla y, por otro lado, del buen funcionamiento del sistema, es decir, de la eficiencia con que esas personas desempeñan la función judicial. Secretariado de la Conferencia Judicial, La Judicatura Puertorriqueña, octubre de 1981, pág. 147. Este principio se manifiesta en el texto del Canon I y V de Ética Judicial, *supra*.

El Canon I de Ética Judicial, *supra*, expresamente dispone que la misión de los tribunales es mantener la fe del Pueblo en la justicia como valor esencial de la democracia. Los miembros de la Rama Judicial, en el ejercicio de su delicada función, deben velar por que sus actuaciones respondan a normas de conducta que honren la integridad e independencia de su ministerio y estimulen el respeto y la confianza en la Judicatura. Id.

Por su parte, el referido Canon V establece el deber de todo Juez o Jueza de cumplir cuidadosa y diligentemente con las obligaciones administrativas que les imponen las leyes y reglamentos aplicables a la Rama Judicial y las instrucciones de la Oficina de la Administración de los Tribunales. Canon V de Ética Judicial, *supra*.

Claro está, tanto el Canon I y V, como todas las disposiciones que componen el ordenamiento ético de los jueces, se limitan a establecer normas mínimas de conducta. De ningún modo se refieren al comportamiento ideal, sino a las obligaciones más elementales que deben cumplir los encargados de ejecutar nuestro sistema de justicia. Canon XXVI de Ética Judicial, *supra*. Es decir, estos cánones no excluyen otras normas de conducta establecidas por ley o que son inherentes al honor tradicional de la judicatura que también obligan a los Jueces. Id. En particular, este Canon XXVI hace aplicables a los jueces cualesquiera otras normas de conducta que en alguna forman salvaguarden la dignidad del cargo y la independencia judicial. Rafael J. Torres Torres, Cánones de Ética Judicial,

**Comentarios**, Revista Forum 1-4, octubre 1993, pág.27.  Por lo tanto, los jueces tienen que observar las normas éticas y toda ley o reglamento aplicable.

De otra parte, además de los Cánones I, V, XXVI de Ética Judicial, el caso de autos está relacionado con los incisos (b), (c) y (d) del Artículo 18 del Reglamento de la Administración del Sistema de Personal de la Rama Judicial, 4 L.P.R.A. Ap. XIII, sec. 18; la Regla 3 de las Reglas de Administración del Tribunal de Primera Instancia, 4 L.P.R.A. Ap. II, R3; y el Memorando de la Directora Administrativa de los Tribunales Núm. 225 de 9 de marzo de 1998.  Veamos.

Tanto el Art. 18 del Reglamento de la Administración del Sistema de Personal de la Rama Judicial, *supra*, como la Regla 3 de Administración del Tribunal de Primera Instancia, *supra*, disponen que la jornada de trabajo de todo el personal de la Rama Judicial será de 8:30 a.m. a 5:00 p.m. de lunes a viernes y las horas regulares de sesión del tribunal serán de 9:00 a.m. a 12:00 m. y de 2:00 p.m. a 5:00 p.m.  Cuando un Juez haya terminado la labor asignada para el día, o el estado de dicha labor lo permita, deberá notificar al Juez Administrador, quien le asignará cualquier otro asunto durante las horas de sesión.  Id.

En cuanto al registro de la jornada de trabajo, el referido Memorando 225 dispone, entre otras directrices, que los jueces deberán anotar diariamente la hora de entrada y salida en la mañana y en la tarde en el formulario "Certificado de Asistencia Semanal de Jueces" (OAT 501-1 Rev. Dic. 1997).  Todo Juez deberá completar la información que se le requiere en el formulario, firmar el Certificado de Asistencia y remitirlo al Juez Administrador el primer día laborable de la semana siguiente al periodo del informe.

Al enfrentarnos a una situación de hechos parecida a la presente expresamos que, cuando un Juez, por cualquier razón, no puede cumplir con las horas regulares de sesión de los tribunales, tiene que, a la brevedad posible, dejárselo saber al Juez Administrador.  De esta manera se podrán hacer los arreglos pertinentes y cumplir con la política judicial de atender el calendario judicial sin demoras injustificadas y lograr, a su vez, una justicia rápida y eficiente.  In re Miranda Rivera, 141 D.P.R. 94 (1996).  Como magistrados, tenemos el deber ineludible de abrir sesión todos los días a la hora indicada.  "Así lo espera el público".  Pueblo v. Arraiza, 103 D.P.R. 243 (1975).  Al así hacerlo contribuimos a enaltecer

la dignidad de los tribunales y a estimular la puntualidad de los abogados y las partes. Id. *Véase además*, Canon XIX de Ética Judicial, *supra*.

Teniendo en consideración la normativa anterior, veamos los hechos del presente caso.

### III

Conforme a las determinaciones de hecho de la Comisión de Disciplina y Separación de Jueces, las cuales están plenamente avaladas por la prueba, quedó evidenciado que el Juez Ferrán Quintana (i) se ausentó de su trabajo sin notificar previamente al Juez Administrador; (ii) incluyó información que le constaba que era falsa en los Certificados de Asistencia Semanal de Jueces al firmar como que había comparecido a trabajar los días 21 y 28 de mayo de 1999; (iii) cobró por los referidos días de trabajo cuando verdaderamente no había rendido la labor certificada; (iv) completó varios Certificados de Asistencia Semanal de Jueces fuera del término dispuesto para ello; (v) y los entregó varias semanas más tarde de lo debido.

Al así actuar, el Juez Ferrán Quintana atentó contra el buen funcionamiento del Sistema Judicial y defraudó la confianza que su puesto merece. Su conducta lesiona el buen nombre y prestigio de la Rama Judicial y, por consiguiente, trastoca la confianza pública en el sistema de justicia. La actuación del Juez Ferrán Quintana, además, afectó el funcionamiento de la sala del Tribunal de Primera Instancia a la cual estaba asignado.

En este caso, el Juez Ferrán Quintana no sólo cometió unos hechos contrarios a los Cánones de Ética Judicial y a las reglas administrativas de la OAT, sino que con su comportamiento al mentir conscientemente en unos documentos administrativos y cobrar fondos públicos sin haber rendido la labor correspondiente, exhibió una conducta carente de valores morales que es contraria al honor de la judicatura y que proyecta una imagen distorsionada de lo que debe ser un buen administrador de la justicia. Su conducta es tan reprensible como la del Juez que cobra un salario de tiempo completo cuando realmente trabaja a tiempo parcial.

Asimismo, el Juez Ferrán Quintana incumplió sus obligaciones administrativas al no completar las hojas de asistencia diariamente y entregarlas el primer día

laborable de la semana siguiente al periodo del informe como manda el Reglamento. Tampoco acudió al Juez Administrador para notificar su ausencia y se negó a comparecer ante éste cuando fue citado para discutir su falta de diligencia en el manejo de estos asuntos.  Su conducta es altamente censurable, pues un juez que actúa de esta manera demuestra menosprecio por las reglas administrativas que gobiernan la Sala que preside como magistrado.  In re Hernández Enríquez, 115 D.P.R. 472 (1984).

Las excusas que ofrece el Juez Ferrán Quintana en cuanto a sus problemas personales y el exceso de trabajo no justifican de ninguna manera su comportamiento.  De todas formas, quedó evidenciado que el exceso de trabajo que según alega tuvo durante el mes de mayo de 1999 no ocurrió, y que como cuestión de hecho, durante ese mismo mes no se le asignaron turnos nocturnos.  Como promotor del orden público y del mantenimiento de la confianza del Pueblo en su sistema de justicia, cada magistrado, en toda gestión de su quehacer profesional, debe cumplir con los más altos postulados de cuidadosa autodisciplina, pues después de todo la dignidad y reputación de la Rama Judicial depende de la conducta individual de cada uno de sus miembros.  In re Miranda, supra.  Es por ello, que "[l]a fragilidad humana no puede justificar que un juez entremezcle sus problemas e intereses personales con sus funciones judiciales y administrativas.  In re Hernández Enríquez, 115 D.P.R. 472, 487 (1984)."  Id.

Es precisamente en el Tribunal de Primera Instancia, donde los ciudadanos tienen un contacto más estrecho con la administración de la justicia, que la obligación de los jueces de observar una conducta que tienda a conservar la confianza y el respeto que requiere el sistema judicial cobra mayor importancia. In re Liceaga, 82 D.P.R. 252 (1961).  Por consiguiente, estaremos alerta para sancionar rigurosamente las violaciones a los Cánones de Ética Judicial, supra, y los reglamentos y leyes aplicables de la OAT y del Sistema de Personal de la Rama Judicial.  Nosotros, como las demás ramas del gobierno, nos esforzaremos para sanear al servicio público de aquellos funcionarios que en lugar de servir a Puerto Rico, se sirven de él.  Todos los miembros de la judicatura deben desempeñar su cargo con la seriedad y honradez que se requiere de los integrantes del poder judicial.  No toleraremos conducta que mancille dichos preceptos.

Finalmente, reiteramos lo que debería ser obvio: todo juez tiene el deber de ser fiel a la verdad y ajustarse disciplinadamente a sus deberes administrativos. No debemos ser los miembros de la Judicatura los que precisamente incumplamos con las leyes y reglamentos que estamos llamados a aplicar.

A la luz de todo lo anterior, resolvemos que el Juez Ferrán Quintana actúo de manera antiética al mentir sobre su comparecencia al trabajo, al ausentarse de sus labores sin autorización alguna del Juez Administrador y al no completar y entregar a tiempo los Certificados de Asistencia Semanal de Jueces. Por lo tanto, en virtud de nuestro poder constitucional para disciplinar a los jueces de los tribunales de menor jerarquía, acogemos la recomendación de la Comisión de Disciplina y Separación de Jueces y decretamos la suspensión del Juez Ferrán Quintana de empleo y sueldo por un término de tres (3) meses. Además, se le ordena devolver a la OAT la cantidad pagada por concepto de los dos (2) días de trabajo en los cuales no compareció a trabajar más cualquier otra retribución económica correspondiente.[3] Se apercibe a todos los miembros de la judicatura que en el futuro este Tribunal impondrá sanciones más severas por conducta similar.

Se dictará la Sentencia correspondiente.

---

[3] Esta devolución podrá hacerse mediante el cargo de dicha cantidad a su licencia de vacaciones acumuladas.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

**In re:**

| | | |
|---|---|---|
| **Hon. Roger Ferrán Quintana** | | |
| **Juez del Tribunal de Primera** | | |
| **Instancia** | **AD-2000-3** | **Conducta** |
| | | **Profesional** |

**SENTENCIA**

**San Juan, Puerto Rico, a 28 de junio de 2002.**

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integral de la presente Sentencia, decretamos la suspensión del Juez Roger Ferrán Quintana de empleo y sueldo por un término de tres (3) meses. Además, se le ordena devolver a la Oficina de Administración de los Tribunales la cantidad pagada por concepto de los dos (2) días de trabajo en los cuales no compareció a trabajar más cualquier otra retribución económica correspondiente.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no intervino.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo