EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2005 TSPR 87 |
| Jeannette González Acevedo<br>Karen Pagán Pagán<br>Juezas Municipales<br>Tribunal de Primera Instancia<br>Sala Municipal de Aguadilla | 164 DPR _____ |

Número del Caso: AD-2004-1
                 AD-2004-2

Fecha: 20 de junio de 2005


 Oficina de Administración de los Tribunales:

                        Lcda. Evangelina Valentín Ferrer

 Abogados de las Partes Querelladas:

                        Lcdo. Guillermo Ramos Luiña
                        Lcda. Arytza Y. Martínez Rivera
                        Lcdo. Harry N. Padilla Martínez




Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | | |
|---|---|---|
| Jeannette González Acevedo | AD-2004-1 | Conducta |
| Karen Pagán Pagán | AD-2004-2 | Profesional |
| Juezas Municipales | | |
| Tribunal de Primera Instancia | | |
| Sala Municipal de Aguadilla | | |

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico a 20 de junio de 2005.

Contra las juezas municipales Jeannette González Acevedo y Karen Pagán Pagán fueron presentadas querellas independientes en las que le fueron imputadas violaciones a varios de los Cánones de Ética Judicial, 4 L.P.R.A. Ap. IV- A. En esencia, las querellas cuestionan la conducta de la Jueza Pagán Pagán al presentar en el Tribunal de Aguadilla, al cual estaba designada como jueza municipal, dos recursos de revisión por concepto de boletos administrativos por violación a la Ley de Vehículos y Tránsito de Puerto Rico, Ley Núm. 22 de 7 de enero de 2000,

9 L.P.R.A. secs. 5001 et seq., que le fueron expedidos en San Juan. Con relación a la Jueza González Acevedo se cuestiona su imparcialidad al considerar los referidos recursos de revisión, ya que era compañera de oficina de la Jueza que los presentó, y al resolverlos sin realizar una vista evidenciaria y sin citar al Policía que expidió los boletos impugnados.

Luego de evaluar el informe de la Comisión de Disciplina y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico [en adelante, Comisión de Disciplina][1] y toda la prueba que obra en el expediente del caso, decretamos la suspensión de empleo y sueldo de la Juez Jeannette González Acevedo por el término de nombramiento que le resta como jueza municipal, y de la Juez Karen Pagán Pagán por un período de tres meses.

I.

Conforme a las determinaciones de hechos de la Comisión de Disciplina, las cuales están avaladas por la prueba que tuvo ante su consideración, el 9 de junio de 2002 el policía Iván Riollanos expidió en la calle Italia de Santurce en San Juan, dos boletos, números 14826545 y 14826546, contra el vehículo Nissan XTerra, tablilla DVC-951, propiedad de la jueza

---

[1] Mediante Resolución de 8 de marzo de 2005 este Tribunal aprobó las Reglas de Disciplina Judicial, las que a partir del 1 de abril de 2005 rigen los procesos disciplinarios contra jueces. A tenor con estas reglas, la hasta entonces Comisión de Disciplina y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico, se ha denominado Comisión de Disciplina Judicial, In re: Para aprobar las Reglas de Disciplina Judicial y derogar las Reglas de Procedimiento Para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces o Juezas del Tribunal de Primea Instancia y del Tribunal de (Circuito) de Apelaciones, res. 8 de marzo de 2005; 2005 TSPR 30; 163 DPR ___ (2005).

municipal Karen Pagán Pagán, por la comisión de faltas administrativas. Las faltas imputadas consistieron en haber violado los artículos 6.23, 9 L.P.R.A. sec. 5173 (obstrucciones al tránsito debido al estacionamiento), y 8.06, 9 L.P.R.A. sec. 5226, (estacionarse en un lugar encintado con una línea amarilla), de la Ley de Vehículos y Tránsito, supra. Las infracciones imputadas acarreaban el pago de multas de $50 y $15 respectivamente.

El **24 de junio de 2002**, la Jueza Pagán Pagán presentó <u>en el Tribunal de Primera Instancia, Sala Municipal de Aguadilla, a la cual dicha juez estaba asignada como jueza municipal</u>, dos recursos de revisión para impugnar la imposición de los referidos boletos. Ambos recursos exponían exclusiva y escuetamente como fundamento para la impugnación que "No se cometió la falta", y fueron entregados en dicho foro por la señora María G. Acevedo Cortés, quien en ese momento laboraba como secretaria en el Tribunal Municipal de Aguadilla.[2]

Luego de ser presentados, los recursos fueron referidos a la oficina de la Jueza Jeannette González Acevedo, quien en ese momento era compañera de oficina de la Jueza Pagán Pagán. <u>Dos días después de ser presentados</u>, esto es, **el 26 de junio de 2002**, la Jueza Municipal González Acevedo <u>procedió a declararlos Ha Lugar sin citar previamente al policía que expidió los boletos impugnados y sin celebrar vista evidenciaria alguna, contrario a lo expresado en las resoluciones que con ese fin emitió</u>.[3]

---

[2] Al momento de presentar los recursos de revisión, la Jueza Pagán Pagán se encontraba de vacaciones.

[3] Las resoluciones emitidas expresan: "Habiéndose interpuesto por el recurrente un Recurso de Revisión en el boleto de epígrafe, este Tribunal, después de celebrar la correspondiente vista, DECLARA CON LUGAR al mismo y ordena se notifique al Honorable

Por estos hechos, fueron presentadas sendas quejas contra las juezas Pagán Pagán y González Acevedo. Hecha la determinación de causa, se imputó a la Jueza González Acevedo tres cargos por violación a los Cánones I, II, V, XI, XII, XXIII Y XXVI de los de Ética Judicial.[4] El primero le imputaba, en esencia, no haber

---

Secretario de Transportación y Obras Públicas de Puerto Rico. (  ) No se cancela gravamen, (XX) Cancélese gravamen".

[4] Los cánones invocados en las presentes querellas disponen, en lo pertinente, lo siguiente:

**Canon I**

La fe de un pueblo en la justicia, como valor esencial de la democracia, debe ser mantenida por los tribunales a los más altos niveles de la responsabilidad pública.

En el ejercicio de su delicada función, aquellas personas llamadas a impartir justicia, conscientes de la posición que ocupan en la sociedad y de la trascendencia de su misión, deben velar por que sus actuaciones respondan a normas de conducta que honren la integridad e independencia de su ministerio y estimulen el respeto y la confianza en la Judicatura.

**Canon II**

Para el cabal desempeño de sus funciones, la Jueza o el Juez debe ser laborioso, prudente, sereno, imparcial y cuidadoso en la interpretación de la ley, estar consagrado al estudio del Derecho y ser diligente en el empeño de descubrir los hechos esenciales de cada controversia.

En el cumplimiento de este deber, la Jueza o el Juez resolverá cada controversia a base de su propia evaluación de la prueba presentada. En cualquier asunto sometido a su consideración, podrá, cuando a su juicio lo requieran los fines de la justicia, solicitar de las partes proyectos de sentencias, resoluciones u órdenes.

**Canon V**

El Juez o la Jueza cumplirá cuidadosa y diligentemente las obligaciones administrativas que le imponen las leyes y reglamentos aplicables a la Rama Judicial y las instrucciones de la Oficina de la Administración de los Tribunales.

**Canon XI**

La Jueza o el Juez no solamente ha de ser imparcial sino que su conducta ha de excluir toda posible apariencia de que es susceptible de actuar a base de influencias de personas, grupos o partidos, o de ser influido por el clamor público, por consideraciones de popularidad o notoriedad, o por motivaciones impropias. Ha de tener siempre presente que su único empeño debe ser el de impartir justicia de conformidad con el Derecho aplicable, con absoluta ecuanimidad, y sin preocuparle el reconocimiento que pueda darse a su labor, ni la crítica injusta.

[…].

**Canon XII**

La Jueza o el Juez no debe entender en procedimiento judicial alguno en que la ley le prohíba actuar, incluyendo, pero sin limitarse a cualesquiera de los casos siguientes:

a. Por tener prejuicio o parcialidad hacia cualesquiera de las personas, los abogados o las abogadas que intervengan en el pleito o por haber prejuzgado el caso.
b. Por estar directa o indirectamente interesado en el resultado del caso.
c. Por haber sido abogado o abogada, asesor o asesora de cualesquiera de las partes o de sus abogados en la materia en controversia, o fiscal en una investigación o procedimiento criminal en el que los hechos fueron los mismos presentes en el caso ante su consideración.
d. Por haber presidido el juicio del mismo caso en un tribunal inferior o por haber actuado como magistrado a los fines de expedir la orden de arresto o citación para determinar causa probable en la vista preliminar de un procedimiento criminal.
e. Por existir parentesco de consanguinidad o afinidad dentro del cuarto grado con la persona acusada, con la víctima del delito, con el abogado defensor o la abogada defensora o el o la fiscal o con un miembro del jurado en un procedimiento criminal, o con cualesquiera de las partes o sus representantes legales en un procedimiento civil.
f. Por intervenir en el procedimiento una persona natural que le haya facilitado o gestionado algún préstamo, o una persona jurídica que le haya facilitado o gestionado algún préstamo en el que no se hayan dispensado las garantías o condiciones usuales.
g. Por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o

actuado conforme a las normas administrativas que le requerían que, previo a resolver recursos de revisión administrativa por boletos de tránsito, realizara una vista evidenciaria. Además, en el primer cargo se le imputó no haber actuado diligentemente, pues no se esforzó en descubrir los hechos esenciales a la controversia, lo que a su vez afectó adversamente la imagen de imparcialidad de la judicatura.

En el segundo cargo se le imputó haber violado los Cánones XII y XXIII que obligan a un juez a no lesionar la imagen de

---

que tienda a minar la confianza pública en el sistema de justicia.

El Juez o la Jueza deberá inhibirse tan pronto conozca de la causa de inhibición mediante resolución escrita en la que hará constar dicha causa, con notificación de la misma a todas las partes.

**Canon XXIII**

El Juez o la Jueza debe evitar toda conducta o actuación que pueda dar base a la creencia de que ejerce o pretende ejercer influencia indebida en el ánimo de otro Juez o Jueza en la consideración de un caso pendiente o futuro. El Juez o la Jueza no debe influir ni directa ni indirectamente, para conseguir colocarse en mejor situación que cualquier otro ciudadano o ciudadana en el litigio de sus causas personales.

El Juez o la Jueza no debe dar la impresión ni permitir que otros den la impresión al efecto de que éstos pueden tener alguna influencia sobre aquél o aquélla.

El Juez o la Jueza no debe prestar testimonio por iniciativa propia como testigo de reputación.

**Canon XXVI**

Los anteriores cánones de ética judicial son normas mínimas de comportamiento que todo Juez y toda Jueza debe observar fielmente, tanto en su letra como en su espíritu, por ser consustanciales con el cargo judicial. Estos cánones no excluyen otras normas de conducta que también obligan al Juez y a la Jueza, que están establecidas por ley o que son inherentes al honor tradicional de la judicatura.

imparcialidad ni procurar trato desigual para sí, ni pretender crear la impresión de que otros pueden influir sobre él.

El tercer cargo le imputa haber actuado de forma contraria al Canon XXVI que, al expresar que los cánones son normas mínimas que no excluyen otras normas de conducta, imponía sobre la Jueza querellada el deber de observar los criterios de inhibición que establece nuestro ordenamiento jurídico. Véase, Regla 63.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 63.1.[5]

---

[5] El texto íntegro de los cargos imputados es el siguiente:

PRIMER CARGO:

La nueva Ley de Vehículos y Tránsito no dispone de un procedimiento específico para la revisión de los boletos de tránsito como lo hacía la Ley anterior, ni dispone para la notificación al Secretario del Departamento de Transportación Y Obras Públicas. No obstante, en la revisión de estos boletos no se citó al Policía que expidió los boletos, no se celebró la correspondiente vista, contrario a la normativa vigente en el Tribunal de Aguadilla. Con su actuación la Querellada incurrió en conducta impropia incompatible con su cargo al faltar a su deber de mantener una imagen impecable ante la sociedad y mantener la confianza de ésta en la judicatura, según consagrados en los Cánones I, II, V, XI de Ética Judicial. Los mismos imponen al juez la obligación de velar porque sus actuaciones respondan a normas de conducta que honren la integridad de su ministerio y estimulen el respeto y la confianza en la Judicatura; ser diligentes en el empeño de descubrir los hechos esenciales de cada controversia; cumplir cuidadosa y diligentemente las obligaciones administrativas que le imponen las leyes y reglamentos aplicables a la Rama Judicial y las instrucciones de la Oficina de Administración de los Tribunales. Además, imponen al juez no sólo la obligación de ser imparcial, sino que su conducta debe excluir toda posible apariencia de que es susceptible de actuar basándose en motivaciones impropias.

Ciertamente con su proceder la Jueza [González Acevedo] no cumplió con los preceptos anteriores. Su conducta viola los Cánones I, II, V y XI antes señalados.

SEGUNDO CARGO:

El hecho de que los recursos presentados por la Hon. Karen Pagán Pagán fueran resueltos a favor de ésta por la Hon. Jeannette González Acevedo, quien era su compañera de oficina, constituye violación de los Cánones XII y XXIII de Ética Judicial. El Canon XIII establece las causas de inhibición para

Contra la Jueza Pagán Pagán fueron formulados dos cargos, que corresponden esencialmente a los primeros dos cargos imputados a la Jueza González Acevedo. [6] Eventualmente, ambas querellas

_____

un juez, entre éstas, tener perjuicio o parcialidad hacia cualesquiera de las personas, los abogados o las abogadas que intervengan en el pleito o por haber prejuzgado el caso. De otra parte, el Canon XXIII establece que el Juez o la Jueza debe evitar toda conducta o actuación que pueda dar base a la creencia de que ejerce o pretende ejercer influencia indebida en el ánimo de otro Juez o Jueza en la consideración de un caso pendiente o futuro; ni debe influir ni directa ni indirectamente, para conseguir colocarse en mejor situación que cualquier otro ciudadano o ciudadana en el litigio de sus causas personales. Establece además, que el Juez o la Jueza no debe dar la impresión de permitir que otros den la impresión al efecto de que éstos pueden tener alguna influencia sobre aquél o aquélla.

El hecho de haber intervenido en este caso de la manera en que lo hizo, da la impresión, o cuando menos la apariencia de que la querellada incurrió en conducta impropia. Bajo las circunstancias particulares de este caso, la Jueza González Acevedo debió inhibirse de revisar los recursos presentados por su compañera.

TERCER CARGO:

El Canon XXVI sobre otras normas de conducta, establece que los "cánones de ética son normas mínimas de comportamiento que todo juez y toda jueza debe observar fielmente, tanto en su letra como en su espíritu, por ser consustanciales con el cargo judicial". Estos Cánones no excluyen otras normas de conducta que también obligan al juez o a la jueza, que están establecidas por ley o que son inherentes al honor tradicional de la judicatura". Por ello son también pertinentes las disposiciones de la Ley de la Judicatura de 1994, vigentes a la fecha en que se resolvieron los recursos de revisión objeto de la querella. Dicha Ley establecía en su Art. 5.004(19) que el Juez Municipal podrá inhibirse motu propio [sic], por los motivos señalados para inhibirse los jueces en la Regla 63 de las de Procedimiento Civil

[6] Los cargos imputados fueron los siguientes:

PRIMER CARGO:

La Nueva Ley de Vehículos y Tránsito no dispone de un procedimiento específico para la revisión de los boletos de tránsito como lo hacía la Ley anterior, ni dispone para notificación al Secretario del Departamento de Transportación y Obras públicas. No obstante, en la revisión de estos boletos no se citó al Policía que expidió los boletos, ni se celebró la correspondiente vista, contrario a la normativa vigente en el

fueron consolidadas y tras los trámites procesales correspondientes y la realización de las vistas necesarias, la Comisión de Disciplina nos remitió su informe final.

Con relación a la Jueza Pagán Pagán, la Comisión de Disciplina concluyó que incurrió en las violaciones éticas imputadas al presentar los recursos de revisión en la Región Judicial de Aguadilla. Expresa el informe, en parte, que,

---

Tribunal de Aguadilla. Con su actuación la Querellada incurrió en conducta impropia incompatible con su cargo al faltar a su deber de mantener una imagen impecable ante la sociedad y mantener la confianza de ésta en la judicatura, según consagrados en los Cánones I, II, V y IX de Ética Judicial. Los mismos imponen al juez la obligación de velar porque sus actuaciones respondan a normas de conducta que honren la integridad de su ministerio y estimulen el respeto y la confianza en la Judicatura; ser diligentes en el empeño de descubrir los hechos esenciales de cada controversia; cumplir cuidadosa y diligentemente las obligaciones administrativas que le imponen las leyes y reglamentos aplicables a la Rama Judicial y las instrucciones de la Oficina de Administración de los Tribunales. Además, imponen al juez no solo la obligación de ser imparcial, sino que su conducta debe excluir toda posible apariencia de que es susceptible de actuar basándose en motivaciones impropias.

Ciertamente con su proceder la Jueza Pagán Pagán no cumplió con los preceptos anteriores. Su conducta viola los Cánones I, II, V y XI, antes señalados.

SEGUNDO CARGO:

El hecho de que los recursos presentados por la    Hon. Karen Pagán Pagán fueran resueltos a favor de ésta por la Hon. Jeannette González Acevedo, quien era su compañera de oficina constituye violación al Canon XXII de Ética Judicial. El mismo establece que el Juez o la Jueza debe evitar toda conducta o actuación que pueda dar base a la creencia de que ejerce o pretende ejercer influencia indebida en el ánimo de otro juez o jueza en la consideración de un caso pendiente o futuro y que el Juez o Jueza no debe influir ni directa ni indirectamente, para conseguir colocarse en mejor situación que cualquier otro ciudadano o ciudadana en el litigio de sus causas personales. Bajo las consideraciones particulares de este caso, la Jueza Pagán Pagán no debió haber presentado los recursos de revisión en la Secretaría del Tribunal Superior de Aguadilla. 4 L.P.R.A. Ap. XI-B, R. 16.

> [c]on su actuación la Jueza Pagán Pagán colocó en una posición conflictiva a otra juez del Tribunal de Aguadilla al tener ésta que evaluar la credibilidad de una compañera. Tal proceder da la impresión de que ésta ejerció o pretendió ejercer influencias en la Jueza González Acevedo para que adjudicara los Recursos de revisión sin la celebración de vista evidenciaria y sin notificar al policía. Informe de la Comisión, en la     pág. 24.

En cuanto a la Jueza González Acevedo la Comisión de Disciplina concluyó que su intervención en la adjudicación de los referidos recursos fue también éticamente impropia. Concluyó que haber intervenido sin realizar una vista evidenciaria y sin citar al Policía que expidió los boletos de tránsito violó varios de los Cánones de Ética Judicial, toda vez que soslayó normas administrativas vigentes que regulaban la consideración de casos en los que empleados de la propia Región Judicial de Aguadilla eran parte, "demostró falta de objetividad y dio la apariencia de favorecer a la parte peticionaria". Informe de la Comisión de Disciplina, en la pág. 22.

De igual modo, expresó la Comisión de Disciplina en su informe que,

> [l]as Juezas González Acevedo y Pagán Pagán cometieron hechos contrarios a los Cánones de Ética Judicial y a las Reglas Administrativas de la Oficina de Administración de los Tribunales. […] El comportamiento de ambas demuestra menosprecio por las leyes y reglamentos aplicables a la Rama Judicial. Ambas incurrieron en conductas que no contribuyeron a mantener la fe del pueblo en la justicia, ni honran la integridad de la Rama Judicial. Informe de la Comisión de Disciplina, en la pág. 27.

Finalmente, la Comisión de Disciplina recomendó como sanción que censuráramos a ambas Juezas.

Luego de evaluar la totalidad del Informe rendido por la Comisión de Disciplina y de considerar la prueba pertinente, las

alegaciones de las juezas querelladas y el derecho aplicable, resolvemos.

## II.

En el derecho romano se requería que los custodios de la solución de los problemas fueran "hombres buenos, peritos en derecho". Se requería así que los llamados a juzgar fueran, por un lado, hombres de altas credenciales éticas, y por otro, poseedores del saber propio del quehacer judicial. Esa exigencia dual era resultado natural de que para ser juez "[e]n efecto, se requiere del conocimiento y oficio propio de los jurisprudentes, pero dado que en ese 'decir el derecho' (iuris dictio) no es posible 'demostrar' la verdad del juicio judicial, ello se suple confiando en la calidad ética de aquéllos que cumplen la función". Rodolfo Luis Vigo, Prólogo al Código de Ética del Poder Judicial de la Provincia de Santa Fe, Argentina (2002).

La codificación de las normas éticas que rigen la conducta de un juez es resultado consecuente con la aspiración de que los juzgadores lleven una conducta ejemplar que esté a la altura de la función que desempeñan. Ello cobra especial trascendencia ante el hecho innegable de que, por su naturaleza, la función judicial, si bien tiene al derecho como instrumento de trabajo, deja espacio para actuar conforme a los dictados de la conciencia. Por ello, "[é]sta requiere ser ilustrada a partir de patrones de conducta asimilados libremente, que tiendan a hacer efectivos los valores, que si bien están ínsitos en el propio quehacer del juez y en el ordenamiento jurídico, es indispensable explicitar, pues debe tenerse presente que lo callado, aunque obvio, se olvida, se

disimula o se desdeña". <u>Preámbulo al Código de Ética del Poder Judicial de la Federación</u>, México (2004).

En nuestra jurisdicción contamos con unos cánones de ética judicial desde el 1959. Los vigentes, que resultan aplicables al caso de autos, fueron aprobados en 1977, y serán sustituidos por los Cánones de Ética Judicial del 2005 que entrarán en vigor el 5 de octubre de este año.[7]

Nuestros Cánones de Ética Judicial son normas mínimas que regulan la conducta de los miembros de la judicatura tanto en el ejercicio de sus funciones judiciales como en sus vidas privadas. Su aplicación en la vida de los jueces y juezas, tanto en sus actuaciones que tienen trascendencia pública como en los asuntos propios del ámbito personal y familiar no es arbitraria. Es, más bien, autoimpuesta, pues su aceptación como marco normativo es consustancial al consentimiento que cada Juez y Jueza ha prestado al aceptar el cargo.[8]

---

[7] Mediante resolución de 5 de abril de 2005, este Tribunal aprobó los nuevos Cánones de Ética Judicial y dispuso que entrarán en vigor el 5 de octubre del 2005. <u>In re, Aprobación de Cánones de Ética Judicial de 2005</u>, res. 5 de abril de 2005; 2005 TSPR 39; 163 DPR ___ (2005).

[8] Al respecto, el Preámbulo de los Cánones de Ética Judicial del 2005 dispone en parte:

Al igual que todo ciudadano o ciudadana, las juezas y los jueces están obligados a cumplir con la ley, modelando la conducta ciudadana a la que aspira la sociedad democrática. Están obligados a cumplir con las obligaciones de la Rama Judicial y respetar y honrar la función judicial. Además, al asumir el cargo aceptan también ciertas restricciones a su conducta, tanto en el ejercicio de sus funciones propiamente judiciales, como en sus demás actividades, ya sean personales o profesionales. Estas limitaciones, si bien no les privan de los derechos que poseen como miembros de nuestra sociedad, representan sacrificios en su vida pública y privada que enaltecen la integridad e independencia de su ministerio y estimulan el respeto y la confianza en la judicatura. Igualmente, se comprometen a fomentar un trato

Su texto perfila los contornos del juez ideal. Del mismo modo que en el ámbito de la responsabilidad civil extracontractual se apela a la figura mítica de la persona prudente y razonable como arquetipo que nos permite evaluar una alegación de que un acto es negligente, en el mundo de la ética judicial, el juez arquetípico perfilado por los Cánones de Ética Judicial nos dicta la pauta, matizada por las precisas circunstancias sociales y culturales en la que se habrá de hacer la evaluación, que nos permite evaluar una alegación de conducta impropia por parte de un miembro de la Judicatura.

La ética en el contexto de las profesiones, y especialmente en el contexto de los jueces, exige algo más que lo que socialmente se exige al ciudadano promedio. Como ejercicio filosófico de lo que debe ser, aspira a lo ideal, aspira a la perfección. Ello es consecuente con la aspiración de la ciudadanía a la cual los jueces servimos. Como jueces debemos ser responsivos a ese reclamo.

Con esta breve exposición del marco filosófico de los Cánones de Ética Judicial examinemos los cargos imputados y los hechos del presente caso.

Examinemos inicialmente las imputaciones contra la Jueza González Acevedo.

### III.

### A.

Contra la Jueza Jeannette González Acevedo se formularon tres cargos. El primero le imputa que, al no citar al Policía que expidió los boletos impugnados, ni realizar una vista

_____

respetuoso y cordial hacia sus pares, las funcionarias y los funcionarios de la Rama Judicial y los que comparecen en sala.

evidenciaria, incumplió con lo dispuesto en la Regla 16 de las Reglas de Administración del Tribunal de Primera Instancia, 4 L.P.R.A. Ap. II-B R.16, que establece que cuando cualquier empleado de una región sea parte en un pleito presentado en la sala donde trabaja, el Juez Administrador deberá trasladar el caso a la región judicial más cercana. [9] Plantea la Comisión de Disciplina, además, que en la Región Judicial de Aguadilla existían dos Memorandos Administrativos que regulaban, uno, la consideración de recursos de revisión administrativa, y el otro, el trámite de reclamaciones judiciales en que los empleados de la Región Judicial de Aguadilla eran parte, que no fueron acatados por la Jueza querellada. [10] Por ello, la Comisión de Disciplina

---

[9] Dispone la Regla 16 de la Reglas de Administración del Tribunal de Primera Instancia:

a. Cuando cualquier empleado o empleada, funcionario o funcionaria, juez o jueza de una región judicial sea parte en litigios que se hayan presentado o que vayan a presentarse en la sala en que laboran, el Juez Administrador o la Jueza Administradora de la Región Judicial correspondiente, de concluir que es necesario para proteger la imagen de imparcialidad del sistema, trasladará el caso a otra sala o coordinará su traslado a la región judicial geográficamente más cercana con el Juez Administrador o la Jueza Administradora correspondiente. Una vez autorizado el traslado, se tomarán las medidas necesarias para que el asunto judicial sea atendido de manera expedita, según lo requieran las circunstancias particulares del caso.

b. De tratarse de un caso de naturaleza criminal, una vez tenga conocimiento de la situación el Juez Administrador o la Jueza Administradora de la Región Judicial, informará de ello al o a la Fiscal de Distrito y a la representación legal de la persona imputada.

[10] El primer memorando fue dirigido a jueces, secretarias y alguaciles el 19 de abril de 1996 por el entonces Juez Administrador de la Región Judicial de Aguadilla, Hon. Miguel A. Montalvo Rosario. Dicho memorando advertía a los funcionarios y empleados del Centro Judicial que toda revisión de multas administrativas por violación a la Ley de Tránsito debía ser

estima que esta situación constituyó una violación a los Cánones I, II, V y IX de Ética Judicial.

En este aspecto, se imputó a la Jueza González Acevedo "faltar a su deber de mantener una imagen impecable ante la sociedad y [de] mantener la confianza de ésta en la judicatura", y haber violado normas específicas que le imponen el deber de "ser diligente[…] en el empeño de descubrir los hechos esenciales de cada controversia", y el deber de "cumplir cuidadosa y diligentemente las obligaciones administrativas que le imponen las leyes y reglamentos aplicables a la Rama Judicial y las instrucciones de la Oficina de Administración de los Tribunales".

De entrada, es preciso delimitar la conducta judicial que es susceptible de imputación de violaciones éticas de aquélla que se enmarca en el ámbito exclusivo de la discreción judicial, y que, por ello, es revisable sólo mediante los mecanismos apelativos judiciales.

La corrección jurídica de una determinación que incide sobre procedimientos judiciales, es, por sí sola, revisable mediante los recursos apelativos que establece nuestro ordenamiento jurídico. In re: Sheila Díaz García, res. 11 de febrero de 2003, 2003 TSPR 13, 158 D.P.R. ___ (2003). En tal caso, son considerados como errores de derecho, y por ello son

---

presentada formalmente en la Secretaría del Tribunal, con el propósito de que se fijara la fecha de una vista a la cual se citara al policía y al imputado.

El segundo memorando tiene fecha del 31 de octubre de 2000, y está suscrito por el entonces Juez Administrador, Hon. Fernando L. Torres Ramírez. Este memorando advertía a los empleados y funcionarios sobre las normas aplicables a procedimientos en los que empleados del Centro Judicial de Aguadilla eran parte en pleitos presentados en el mismo Tribunal. Dicho memorando explicaba el alcance de la regla 16 de las de Administración del Tribunal de Primera Instancia.

fundamento inadecuado para acciones disciplinarias contra los jueces.

Ahora bien, "[s]olamente, en circunstancias extremas, la comisión de un error de tal naturaleza podría considerarse una violación al Código de Ética Judicial, que amerite la imposición de sanciones disciplinarias por parte de este Tribunal". Id.

Así pues, disciplinar a un juez que incurre en errores de derecho estaría justificado si se demuestra que "el error cometido constituyó un abuso intencional de la discreción judicial, o uno que por su magnitud reflej[a] conducta impropia o favoritismo hacia algún litigante o su abogado". Id., véase, In re: Jackson Sanabria, 97 D.P.R. 1 (1969). En tal caso no estaríamos ante un error de derecho, sino más bien ante una conducta deliberada claramente reñida con los Cánones de Ética Judicial.

Conforme a estas normas, en In re: Sheila Díaz García, supra, declinamos ejercer nuestra función disciplinaria ya que los hechos revelaban que la Jueza imputada había incurrido en un error de derecho "carente de elementos que reflej[aran] la falta de imparcialidad fundamental, que es esencia del debido proceso de ley" y porque los actos imputados "[t]ampoco refleja[ban] […] una conducta intencional en abierto desafío al estado de derecho vigente".

Distinta es la situación del presente caso.

Primero, la querellante fue la compañera de oficina de la Jueza a quien fue asignado el recurso. Era evidente, pues, que se conocían y que puede razonablemente presumirse que tenían un grado de confianza mayor al que de ordinario tiene un juez con las partes que acuden a su sala. Ello, por sí solo, la obligaba a

actuar con prudencia y rigor ético en el manejo de los recursos presentados por la Jueza Pagán Pagán.

Segundo, la Jueza González Acevedo aceptó considerar los recursos a pesar de que de éstos surgía claramente que la Sala Municipal de Aguadilla no era la Sala con competencia. Variar las normas sobre competencia está contemplado en nuestro ordenamiento para aquellas circunstancias en las que todas las partes involucradas prestan su conformidad, lo que no ocurrió en este caso.

Tercero, el trámite de resolución del caso demoró sólo cuarenta y ocho (48) horas, contrario al período regular de resolución de este tipo de caso que suele ser sustancialmente mayor. Ese dato, unido a la relación de trabajo que existía entre la Jueza y la parte promovente de los recursos, arroja serias dudas sobre la corrección ética e imparcialidad de su intervención, independientemente de la decisión judicial finalmente emitida.

Cuarto, ambos recursos de revisión sólo establecían como fundamento para la impugnación que "No se cometió la falta". Dicha expresión claramente constituye una conclusión y no un fundamento que permita colocar a un Juez en condiciones adecuadas para adjudicar una impugnación. Ese dato, considerado a la luz del hecho de que la jueza González Acevedo adjudicó el recurso a favor de la promovente, resulta igualmente sospechoso.

Quinto, la Jueza no citó al Policía que expidió el boleto, contrario a lo expresado en las resoluciones que emitió al resolver los recursos ante su consideración.

Sexto, tampoco realizó una vista evidenciaria para evaluar la procedencia de la impugnación en un proceso que era de naturaleza adversativa.

Séptimo, al intervenir en los recursos de revisión la Jueza querellada no tomó en consideración las disposiciones de la Regla 16 de las Reglas de Administración del Tribunal de Primera Instancia, las que, a su vez, están recogidas en normas internas de la Región Judicial de Aguadilla, que imponían el deber de trasladar el caso a otra Región Judicial.

Aunque dicha regla 16 impone el deber de trasladar un caso como el que motivó la querella sólo a los Jueces Administradores, la coquerellada debió considerarla previo a que decidiera intervenir en los recursos de revisión. La Regla 16 sólo expone en términos operacionales principios éticos que garantizan la imparcialidad y promueven la apariencia de imparcialidad de toda la judicatura. Así pues, en ausencia de la referida regla, la obligación ética básica que se derivaba de todas las circunstancias antes indicadas era abstenerse de intervenir en los recursos presentados por la Jueza Pagán Pagán. Esa obligación ética era evidente, aún en ausencia de las normas administrativas que rigen ese tipo de situación.

Vistas estas circunstancias resulta forzoso concluir que la Jueza González Acevedo deliberadamente optó por resolver las impugnaciones de los boletos de tránsito sin citar al Policía que los expidió, sin citar a una vista evidenciaria, y sin considerar lo dispuesto en las normas administrativas que regulan los procedimientos que involucran a empleados y funcionarios que

laboran en la Región Judicial. Esta conducta configuró la violación ética imputada.

En diversas jurisdicciones en Estados Unidos, ante conducta judicial similar en el contexto de multas de tránsito, no se ha vacilado en considerarla como antiética y, por ello, sancionable. Véanse, Mississippi Comission on Judicial Performance v. Ken Warren, 791 So.2d 194 (2001) (en donde el Juez querellado tuvo comunicaciones ex parte y canceló multas de tránsito sin citar al oficial que las expidió y sin realizar vista evidenciaria); Mississippi Comission on Judicial Performance v. Gunn, 614 So.2d 387 (Miss. 1993); Mississippi Comission on Judicial Performance v. Hopkins, 590 So.2d 857 (Miss. 1991); In re: Seal, 585 So. 2d 741 (Miss. 1991); In re: Ross, 428 A.2d 858(Me. 1981). Véase además, Annotated Model Code of Judicial Conduct, Center for professional responsability, Judicial Division, American Bar Association 98-99 (2004). Coincidimos con esa apreciación.

La Jueza querellada, por su parte, señala que no existía la obligación de realizar una vista evidenciaria toda vez que la nueva Ley de Vehículos y Tránsito del año 2000, supra, contrario a la ley precedente, no establece procedimiento alguno para la revisión de la imposición de una multa administrativa. Su contención pretende reducir las imputaciones a un mero cuestionamiento del ejercicio de interpretar el derecho aplicable. No nos persuade.

En primer lugar, pierde de perspectiva que siendo un cuestionamiento ético el que enfrenta, la evaluación de sus actos no debe reducirse a un mero análisis formal en torno a si la ley le daba discreción para resolver las impugnaciones sin realizar

una vista evidenciaria. Es preciso evaluar todas las circunstancias presentes en su intervención para determinar si tras la apariencia de un mero error en la apreciación del derecho aplicable, surgía la conducta antiética imputada.

En segundo lugar, la prueba revela que existía un Memorando Administrativo de la Región Judicial de Aguadilla, el cual estaba vigente, que establecía expresamente que los jueces municipales debían realizar una vista en casos de impugnaciones de multas de tránsito. Ese memorando, aunque adoptado bajo la anterior Ley de Vehículos y Tránsito, no está en conflicto con la ley vigente. Lo contrario es lo cierto.

Bajo la anterior Ley de la Vehículos y Tránsito, las determinaciones de los jueces de primera instancia en impugnaciones de boletos de tránsito eran finales. Bajo el esquema de la Ley del 2000, los jueces municipales tienen jurisdicción para considerar este tipo de recurso, y tanto el Tribunal de Apelaciones como este Tribunal ejercemos jurisdicción apelativa sobre tales determinaciones. Véase, Hernández González v. José M. Izquierdo, res. 4 de abril  de 2005, 2005 TSPR 38, 163 D.P.R. ___ (2005). Difícilmente podremos ejercer nuestra función revisora si el foro de instancia omite aquilatar la prueba y argumentos de las partes en una vista evidenciaria cuyas incidencias sean incorporadas al expediente judicial del caso, más aún ante una impugnación carente de fundamentos como las presentadas por la Jueza Pagán Pagán.

Asimismo, la ausencia de una vista evidenciaria, en el contexto de la desestimación de un recurso de revisión de una multa de tránsito presentado por un ciudadano, sería de dudosa

validez, toda vez que estaría reñida con la garantía constitucional que impide al Estado privar a las personas de intereses libertarios y propietarios sin un debido proceso de ley. Sec. 7, Art. II Const. De P.R.; Enmiendas V y XIV, Const. de EE.UU.; Hernández González v. José M. Izquierdo, supra.

No tiene razón, pues, la Jueza González Acevedo al pretender escudarse en el contenido de la nueva Ley de Vehículos y Tránsito.

Asimismo, tampoco nos persuade su planteamiento con relación a que no quedó demostrado que hubiera recibido los memorandos internos de la Región Judicial de Aguadilla y que por ello no se le puede imputar violación ética a base del contenido de éstos. Como se sabe, la ignorancia de las leyes no exime de su cumplimiento, Art. 2 del Cod. Civil de P.R.; 31 L.P.R.A. sec. 2. No puede, pues, plantear que desconocía la existencia de las referidas normas como modo de evadir su responsabilidad administrativa y ética ante la totalidad de las circunstancias que rodeaban la presentación de los dos recursos de revisión, las que claramente revelaban que debía abstenerse de adjudicarlos. Si bien la responsabilidad expresa que establece la regla 16 de las de Administración del Tribunal de Primera Instancia, como ya antes expresamos, recaía sobre el Juez Administrador, la Jueza González Acevedo, como jueza de la Región Judicial de Aguadilla, no debió soslayar su existencia al considerar los recursos de revisión judicial.

B.

En el segundo cargo se imputa a la Jueza González Acevedo que, al resolver los recursos de revisión a favor de la parte

promovente, actuó en contravención a los dispuesto en los Cánones XII y XXIII de Ética Judicial que establecen como causa para la inhibición tener prejuicio o parcialidad a favor de una parte y que le imponen la obligación de evitar "dar la impresión o permitir que otros den la impresión al efecto de que éstos pueden tener alguna influencia sobre aquél o aquélla".

Finalmente, el tercer cargo le imputa haber violado el Canon XXVI al no haberse inhibido del caso que fue instado por su compañera de oficina, en virtud de otras disposiciones legales que regulan dicho asunto y que complementan las disposiciones del Código de Ética Judicial. En particular, se aduce no haber observado los criterios de inhibición de la Regla 63.1 de las de Procedimiento Civil, supra.

La imparcialidad en el ejercicio de funciones judiciales es elemento vital para el fortalecimiento de la confianza de la ciudadanía en la Judicatura. Conlleva necesariamente el deber de evitar aún la apariencia de conducta impropia. Ello fundamenta el contenido del Canon XIII que contempla distintas instancias en las que un juez debe inhibirse. Entre éstas, incluye el deber de inhibirse inmediatamente y mediante resolución notificada a las partes en la que conste la razón de la inhibición, "[p]or tener prejuicio o parcialidad hacia cualesquiera de las personas, los abogados o las abogadas que intervengan en el pleito o por haber prejuzgado el caso" o "[p]or cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia". Véase, In re: Yamil Suárez

Marchán, res. 30 de junio de 2003, 2003 TSPR 115, 159 D.P.R. ___ (2003).

Los hechos de este caso no nos dejan dudas de que la Jueza González Acevedo debió inhibirse de la consideración de los recursos de revisión de las multas impuestas a la Jueza Pagán Pagán. La relación estrecha de trabajo que había entre ambas, sin duda, arroja dudas sobre su capacidad para actuar imparcialmente en la adjudicación de los recursos.

Más aún, la rápida resolución de ambos recursos a favor de la Jueza Pagán Pagán y el hecho de que no realizó una vista evidenciaria, aun ante la falta de adecuada fundamentación para la impugnación de los boletos de tránsito, mina seriamente la imagen de imparcialidad de la judicatura, pues constituyó una clara muestra de preferencia hacia la parte promovente de los recursos, independientemente de los méritos de las controversias jurídicas. De este modo, queda configurada la conducta imputada en los cargos segundo y tercero.

IV.

A.

Contra la Jueza Karen Pagán Pagán fueron formulados dos cargos. El primero constituye una reproducción del primer cargo imputado a la Jueza González Acevedo, sin particularizarlo a su conducta.

Así pues, como primer cargo se imputa contra Pagán Pagán, en parte, haber violado los Cánones de Ética Judicial al no citar a una vista evidenciaria y no ser diligente en la búsqueda de la verdad.

Tal imputación es improcedente, pues en el proceso judicial que generan ambas querellas, Pagán Pagán compareció exclusivamente como parte promovente y carecía de facultad alguna para tomar determinaciones judiciales al respecto. La función adjudicadora recaía exclusivamente sobre la Jueza González Acevedo, no sobre la Jueza Pagán Pagán.

Del primer cargo, la única alegación específica que pudiera ser aplicable a la Jueza Pagán Pagán consiste en que ésta omitió su deber de "cumplir cuidadosa y diligentemente las obligaciones administrativas que le imponen las leyes y reglamentos aplicables a la Rama Judicial y las instrucciones de la Oficina de Administración de los Tribunales".

Como funcionaria de la Rama Judicial asignada a la Región Judicial de Aguadilla, la Jueza Pagán Pagán estaba obligada a cumplir fielmente las normas administrativas aplicables a toda la Rama Judicial y las establecidas en la región a la cual estaba asignada. Esa obligación conllevaba tomar en consideración las normas administrativa aplicables a los casos en los que ella figurara como parte.

En el presente caso, la Jueza Pagán Pagán debió considerar que conforme a las normas administrativas vigentes, y a sus circunstancias particulares, las que ya antes describimos, su reclamación no debía ser tramitada en la Región Judicial de Aguadilla. Sin embargo, optó por presentarlas en dicho foro judicial. Ese proceder estuvo reñido con lo dispuesto en el Canon V de Ética Judicial, pues aun cuando su actuación no ocurre en el ejercicio de sus funciones judiciales, contribuyó a

que se burlara lo dispuesto en las normas administrativas vigentes.

## B.

El segundo cargo imputado contra la Jueza Pagán Pagán aduce que al presentar los recursos de revisión administrativa en la Región Judicial de Aguadilla violó el Canon XXIII de Ética Judicial que le impone los deberes de "evitar toda conducta o actuación que pueda dar base a la creencia de que ejerce o pretende ejercer influencia indebida en el ánimo de otro juez o jueza en la consideración de un caso pendiente o futuro" y de no influir directa ni indirectamente en otro Juez o Jueza para ubicarse en mejor situación que cualquier otro ciudadano en el litigio de causas personales.

En el pasado hemos señalado que dicho Canon encarna un principio ético que "[p]arte de la premisa de que en nuestra sociedad el cargo de juez es un cargo especial que proyecta una visión y noción pública destacada, de prestigio e influencia". *In re: Comunicación del Hon. Juez Pérez Jiménez*, 112 D.P.R. 683, 685 (1982). Sin embargo, el prestigio que adquiere una persona al asumir el cargo de juez no implica que forma parte de una casta privilegiada. Los jueces, por su investidura, no están al margen de la ley ni se colocan en un sitial privilegiado para tramitar causas personales ante los tribunales. Desde el estrado, como fuera de él, deben ser fieles cumplidores de la ley y de las normas que rigen los procedimientos judiciales.

Con sus actuaciones, la Jueza Pagán Pagán pretendió burlar los trámites judiciales apropiados para impugnar los boletos de

tránsito que le fueron impuestos. **No sólo presentó los recursos de revisión en una sala que carecía de competencia para considerarlos, sino que toda la evidencia demuestra que lo hizo a sabiendas de que serían asignados a la sala a la que estaba asignada su compañera de oficina.**

Apoya esta conclusión el hecho de que en al menos otras cuatro ocasiones la Jueza Pagán Pagán presentó recursos de revisión en el Tribunal de Aguadilla por multas que le fueron impuestas en los pueblos de Manatí, Toa Baja y San Juan. De estos recursos, tres fueron declarados Ha Lugar por la co-querellada González Acevedo.[11] Sólo uno, que no fue considerado por la Jueza González Acevedo, fue trasladado al tribunal con competencia.

Más aún, la falta de argumentos razonables esbozados en su impugnación arroja serias dudas sobre la procedencia en los méritos de su reclamo y sugiere que en lugar de ejercer su derecho a cuestionar una multa de tránsito que le fue impuesta ilegalmente, pretendía evadir su responsabilidad ciudadana de responder por una falta en la que incurrió. Si bien la falta y la multa que aparejaba eran insignificantes, su obligación ética, la cual no podía evadir, era responder por ella si realmente la cometió.

---

[11]  Señala el Informe de la Comisión de Disciplina que en uno de estos recursos de revisión se adujo, contrario a la realidad, que en el boleto no constaba el municipio en donde se cometió la falta. En otro se adujo que el vehículo descrito no era el de la Jueza promovente, a pesar de que el número de tablilla indicado en el boleto coincidía con el de su vehículo.

La norma ética básica que se impone sobre los jueces es cumplir con la ley.[12] No podemos evadir esa responsabilidad si pretendemos que otros la acaten, pues, como hemos afirmado en el pasado "[n]o debemos ser los miembros de la Judicatura los que precisamente incumplamos con las leyes y reglamentos que estamos llamados a aplicar". In re: Ferrán Quintana, res. 28 de junio de 2002, 2002 TSPR 93, 157 D.P.R. ___ (2002).

V.

La anterior determinación amerita que consideremos la sanción disciplinaria que debemos aplicar. Casos similares, ameritan sanciones similares.

En In re: Ferrán Quintana, supra, decretamos la suspensión de empleo y sueldo por tres meses de un juez municipal que incumplió órdenes administrativas al no notificar oportunamente al Juez Administrador Regional que se ausentaría y haber firmado sus hojas de asistencia dos días en los que no laboró. Allí expresamos como fundamento de la sanción, que "[e]s precisamente en el Tribunal de Primera Instancia, donde los ciudadanos tienen un contacto más estrecho con la administración de la justicia, que la obligación de los jueces de observar una conducta que tienda a conservar la confianza y el respeto que requiere el sistema judicial cobra mayor importancia". Véase además, In re: Liceaga, 82 D.P.R. 252 (1961).

---

[12] El Canon número I de los Cánones de Ética Judicial del 2005, que entrarán en vigor el 1 de octubre próximo, a tenor con este principio, dispone: "Las juezas y los jueces respetarán y cumplirán la ley y serán fieles al juramento de su cargo". In re, Aprobación de Cánones de Ética Judicial de 2005, supra, nota 7.

Añadimos que "[n]osotros, como las demás ramas del gobierno, nos esforzaremos para sanear al servicio público de aquellos funcionarios que en lugar de servir a Puerto Rico, se sirven de él". Y concluimos que, "todo juez tiene el deber de ser fiel a la verdad y ajustarse disciplinadamente a sus deberes administrativos". In re: Ferrán Quintana, supra.

El caso de autos describe una situación similar.

Por lo anterior, estimamos apropiado suspender a la Jueza Jeannette González Acevedo de empleo y sueldo por el término de nombramiento que le resta como jueza municipal.

Procede, por su parte, suspender de empleo y sueldo a la Jueza Karen Pagán Pagán por un término de tres meses.

VI.

Por los fundamentos antes expuestos, procede la suspensión de empleo y sueldo de la jueza municipal Jeannette González Acevedo por el término de nombramiento que le resta como jueza municipal y de la jueza Karen Pagán Pagán por el término de tres meses.

Se dictará Sentencia de conformidad.

                              Federico Hernández Denton
                                   Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | | |
|---|---|---|
| Jeannette González Acevedo | AD-2004-1 | Conducta |
| Karen Pagán Pagán | AD-2004-2 | Profesional |
| Juezas Municipales | | |
| Tribunal de Primera Instancia | | |
| Sala Municipal de Aguadilla | | |

SENTENCIA

San Juan, Puerto Rico a 20 de junio de 2005.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se suspende de empleo y sueldo a la jueza municipal Jeannette González Acevedo por el término de nombramiento que le resta como jueza municipal y de la jueza Karen Pagán Pagán por el término de tres meses.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez disiente de la medida disciplinaria adoptada por la Mayoría por entender que no es proporcional con la falta cometida e impondría como medida disciplinaria una censura severa. El Juez Asociado señor Fuster Berlingeri no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo