Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| SALOMÉ LEVIS CHÉVERE<br><br>Recurrida<br><br>v.<br><br>SALOMÓN LEVIS GOLDSTEIN Y OTROS<br><br>Peticionarios | KLCE202400473 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Relaciones de Familia y Menores de Bayamón<br><br>Caso núm.: BY2023RF01296<br><br>Sobre: Alimentos – Entre parientes (ascendientes, descendientes, cónyuges) |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz, la jueza Mateu Meléndez y la jueza Prats Palerm

**Figueroa Cabán, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de mayo de 2024.

Comparece el señor Salomón Levis Goldstein, en adelante el señor Levis o el peticionario que solicita que revoquemos la *Resolución* emitida el 13 de febrero de 2024 y notificada el día 14 del mismo mes y año. Mediante la misma, el Tribunal de Primera Instancia, Relaciones de Familia y Menores de Bayamón, en adelante TPI, denegó la solicitud del señor Levis a los efectos de que la Jueza Marta I. Dávila Román, en adelante la Jueza Dávila, se inhibiera *motu proprio* de atender el caso de epígrafe.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *Certiorari.*

**-I-**

En el contexto de un pleito de petición de alimentos presentado *pro se* por la señora Salomé Levis Chévere, en adelante la señora Levis o la recurrida, el peticionario

Número Identificador
RES2024_____

presentó una *Urgente Moción Asumiendo Representación Legal, en Solicitud de Nulidad de Sentencia Inhibición Motu Proprio y Paralización de los Procedimientos*. En lo aquí pertinente, solicitó la inhibición de la Jueza Dávila, porque al haber presidido y evaluado la prueba del caso BY2023RF00303, dicha magistrada prejuzgó el caso de epígrafe, lo cual podría suscitar duda razonable sobre su imparcialidad para adjudicar la presente controversia.[1]

La Juez Dávila declinó inhibirse *motu proprio* de la presente causa, por lo cual refirió a la Jueza Administradora Regional "la atención y/o designación de la solicitud de recusación".[2]

Así las cosas, el asunto fue referido a la Jueza Vanessa J. Pintado Rodríguez, en adelante la Jueza Pintado.[3]

Luego de varios trámites, innecesarios pormenorizar para adjudicar la controversia ante nuestra consideración, la Jueza Pintado denegó la solicitud de inhibición y ordenó que una vez esta fuera notificada, continuaran los procedimientos. En lo aquí pertinente sostuvo:

> Hemos evaluado los autos de este caso al igual que el caso BY2023RF00303 y llegamos a la conclusión de que no existe fundamento que nos lleve a concluir que la Hon. Marta I. Dávila Román esté parcializada o prejuiciada en contra de la parte demandada en forma alguna. Lo que se desprende de la evaluación de ambos casos es que el tribunal tomó conocimiento judicial del caso BY2023RF00303 y de la información que surge de las Planillas de Información Personal y Económica presentadas bajo juramento por las partes aquí codemandadas. Sabido es que las Reglas de Evidencia de Puerto Rico (2009), permiten tomar conocimiento judicial en varias instancias. Es importante destacar que los dos casos atienden la misma familia, pero son controversias distintas.

---

[1] Alegato del peticionario, págs. 81-89.
[2] *Id.*, págs. 107-108.
[3] *Id.*, pág. 111.

Las determinaciones judiciales desfavorables no pueden ser fundamentos válidos para sostener solicitudes de recusación por alegado prejuicio y parcialidad. De entenderlo necesario, las partes inconformes con una determinación judicial pueden recurrir a los remedios dispuestos en las Reglas de Procedimiento Civil aplicables.

Por todo lo anterior, se deniega la solicitud de inhibición presentada en el caso de epígrafe, y se ordena [,] que [*sic.*] una vez notificada esta resolución [,] la continuación de los procedimientos.[4]

En desacuerdo, el señor Levis presentó una *Moción de Reconsideración,*[5] que la Jueza Pintado declaró no ha lugar[6].

Aun insatisfecho, el peticionario presentó un *Recurso de Certiorari*, en el que alegó que el TPI cometió los siguientes errores:

EL FORO DE INSTANCIA ERRÓ EN DERECHO Y ABUSÓ DE SU DISCRECIÓN AL NO PERMITIR LA INHIBICIÓN *MOTU PROPRIO* DE LA HONORABLE JUEZA MARTA I. DÁVILA ROMÁN DEL CASO DE EPÍGRAFE A NIVEL DEL FORO DE INSTANCIA, CUANDO ES LA MISMA JUEZA QUE PRESIDE EL CASO BY2023RF00303 DEL CUAL TOMÓ COMO FUNDAMENTO EL INFORME DE LA EXAMINADORA DE PENSIONES ALIMENTARIAS DEL ÚLTIMO CASO QUE INVOLUCRA A LAS MISMAS PARTES DE ESTE CASO PARA EMITIR SU SENTENCIA DEL 21 DE DICIEMBRE OBJETO DEL CASO DE EPÍGRAFE. POR LO TANTO, HAY FUNDAMENTO RAZONABLE PARA COLEGIR QUE LA HONORABLE JUEZA TIENE ÁNIMO PREVENIDO Y YA PREJUZGÓ EL CASO DE EPÍGRAFE Y CARECE DE IMPARCIALIDAD EN ESTE CASO.

EL FORO DE INSTANCIA ERRÓ EN DERECHO Y ABUSÓ DE SU DISCRECIÓN AL NO AVALAR LA MOCIÓN DE RECONSIDERACIÓN DE LA PARTE RECURRENTE DEL 29 DE FEBRERO DE 2024 EN LA QUE ACLARA QUE EL HECHO QUE LA HONORABLE JUEZA MARTA I. DÁVILA ROMÁN HAYA TOMADO CONOCIMIENTO JUDICIAL DEL CASO BY2023RF00303 Y QUE HAYA TOMADO DECISIONES ADVERSAS EN EL CASO DE EPÍGRAFE RESPECTO A LA PARTE RECURRENTE, NO SON LAS RAZONES QUE INCENTIVAN A LA PARTE RECURRENTE A SOLICITAR LA INHIBICIÓN DE LA HONORABLE JUEZA MARTA I. DÁVILA ROMÁN EN ESTE CASO. LA PARTE RECURRENTE EN DICHA MOCIÓN DE RECONSIDERACIÓN DA CUENTA DE LA RAZÓN SUSTENTADA POR EL DERECHO VIGENTE QUE LE INCENTIVA A SOLICITAR LA INHIBICIÓN DE LA HONORABLE JUEZA MARTA I. DÁVILA ROMÁN.

Conforme la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede "prescindir

---

[4] *Id.*, págs. 114-115.
[5] *Id.*, págs. 119-130.
[6] *Id.*, págs. 133-134.

de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos … [ello] con el propósito de lograr su más justo y eficiente despacho…". En consideración a lo anterior, eximimos a la parte recurrida de presentar su alegato en oposición.

Luego de evaluar el escrito del peticionario y los documentos que obran en autos, estamos en posición de resolver.

-II-

A.

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[…].[7]

1.

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

---

[7] Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[8] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[9] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[10]

Por otro lado, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

---

[8] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).
[9] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729; *García v. Padró*, *supra*, pág. 334.
[10] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

F.    Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[11]

**B.**

La Regla 63 de Procedimiento Civil regula la inhibición o recusación de un juez que preside un caso civil.[12] En lo aquí pertinente, dicha regla dispone:

A iniciativa propia, o a recusación de parte, un juez o jueza deberá inhibirse de actuar en un pleito o procedimiento en cualquiera de los casos siguientes:

(a)    Por tener prejuicio o parcialidad hacia cualquiera de las personas o los abogados o abogadas que intervengan en el pleito o por haber prejuzgado el caso;

(b)    […]

(j)    por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia.[13]

Conforme a los Cánones de Ética Judicial, entre las causas más comunes para invocar la recusación de un juez, está la existencia de prejuicio o parcialidad hacia cualquiera de las partes o sus abogados. De modo que:

Las juezas y los jueces entenderán y adjudicarán los asuntos que se les asignen, salvo aquellos en los que la ley requiera su inhibición y en cualesquiera de los casos siguientes, pero sin limitarse a estos:

(a)    por tener prejuicio o parcialidad hacia cualesquiera de las personas, las abogadas o los abogados que intervengan en el pleito o por haber prejuzgado el caso.

[…]

(i)    por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia.[14]

---

[11] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 848; *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.
[12] 32 LPRA Ap. V, R. 63.
[13] 32 LPRA Ap. V, R. 63.1(a) y (j).
[14] Canon 20 de Ética Judicial, 4 LPRA Ap. IV-B, C 20.

Cónsono con lo anterior, nuestro ordenamiento jurídico establece que la imparcialidad y objetividad del juez son necesarias no sólo en la realidad, sino también en la apariencia; no basta con que el juez sea imparcial y objetivo; es preciso que lo parezca.[15] De este modo, el Tribunal Supremo de Puerto Rico ha resuelto que los tribunales de justicia tienen el deber de velar que la balanza en la cual se pesan los derechos de todos los ciudadanos esté libre de sospechas, *aun cuando las mismas sean infundadas*.[16]

Sin embargo, nuestro más alto foro ha sostenido que una imputación de parcialidad o prejuicio como causa para una inhibición debe estar cimentada en cuestiones personales serias, no triviales ni judiciales, esto es, en una actitud originada extrajudicialmente en situaciones que revistan sustancialidad.[17] Además, podría ser procedente en circunstancias en las que se entiende que el juez ha prejuzgado los méritos de la controversia.[18]

Finalmente, la procedencia de una solicitud de inhibición se determina a la luz de la totalidad de las circunstancias, desde la perspectiva de la mítica figura del "buen padre de familia".[19] Así pues, procede la inhibición cuando una persona razonable, con conocimiento de todas las circunstancias, tendría dudas sobre la imparcialidad del juez.[20] Este análisis requiere

---

[15] *Mun. de Carolina v. CH Properties*, 200 DPR 701, 712 (2018); *Lind v. Cruz*, 160 DPR 485, 488 (2003).

[16] *Lind v. Cruz, supra*. (Énfasis en el original).

[17] *Id.*, pág. 491; *Ruiz v. Pepsico PR, Inc.*, 148 DPR 586, 588 (1999).

[18] *Mun. de Carolina v. CH Properties, supra,* págs. 712-713; *In re González Acevedo*, 165 DPR 81, 100 (2005); *In re Campoamor Redín*, 150 DPR 138, 150 (2000).

[19] *Lind v. Cruz, supra*, pág. 494; *Ruiz v. Pepsico PR, Inc., supra*, pág. 589.

[20] *In re Ortiz Rivera*, 163 DPR 530, 536 (2004); *In re Campoamor Redín, supra*, pág. 151.

examinar los hechos pertinentes, el récord del caso y la ley aplicable.[21]

**-III-**

El peticionario alega que la Jueza Dávila tiene ánimo prevenido y prejuzgó el pleito de epígrafe porque "presidió el caso BY2023RF00303, del cual surgen los hechos y prueba que están íntimamente relacionados, pero no se ajustan al presente caso y que dan lugar a la demanda objeto de estos procedimientos…".

Luego de revisar cuidadosamente el escrito del peticionario y los documentos que obran en el expediente, somos de la opinión de que ni el remedio ni la disposición de la resolución recurrida son contrarios a derecho, Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra*.

Finalmente, no encontramos ningún otro fundamento al amparo de la Regla 40 de nuestro Reglamento, que justifique la expedición del auto solicitado.

**-IV-**

Por los fundamentos expresados, se deniega la expedición del auto de *Certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[21] *Lind v. Cruz, supra*, pág. 491; *Andino Torres, Ex Parte,* 152 DPR 509, 512 (2000).