*In re* Comunicación del Hon. Juez Pérez Giménez, Juez de la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico.

*Número:* MC-81-17     *Resuelto:* 6 de mayo de 1982

*Héctor A. Colón Cruz, Procurador General,* y *Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogados promoventes; *Juan Arbona Torres* y *Enrique Jordán Musa,* promovidos, *pro se.*

PER CURIAM: El Procurador General de Puerto Rico nos sometió un informe dando cuenta de una comunicación que le cursara el Hon. Juan Pérez Giménez, Juez del Tribunal de Distrito federal para el Distrito de Puerto Rico, relativa a la participación de los Hons. Juan Arbona Torres y Enrique A. Jordán Musa, Jueces Superiores, como testigos de reputación del Sr. Cristóbal Mercado Serrano en la causa penal ante dicho foro federal del delito de asaltar e intimidar a dos funcionarios de Rentas Internas federal.

Concedimos término a los jueces Arbona Torres y Jordán Musa para que comparecieran a explicar sus intervenciones. Oportunamente éstos han comparecido.

I

El Juez Arbona Torres acepta que sirvió como testigo de reputación en la vista y posteriormente cursó una carta al Oficial Probatorio Sr. Rafael A. Gilestra reiterando su previa declaración. Indica que su declaración no fue motivada en ánimo de influir en los procedimientos, sino para decir la verdad, bajo la impresión que descargaba una responsabilidad ciudadana.

Añade, "[a]hora, con el beneficio de la retrospección, con la mayor honestidad y entereza entiendo que lo más prudente hubiera sido abstenerme de comparecer a decla-

rar como testigo de reputación sin que mediara una citación judicial".

Por su parte, el Juez Jordán Musa señala que no sirvió como testigo en el juicio, pero que escribió al señor Gilestra consignando su opinión sobre la buena reputación del convicto. Expone que jamás pretendió "causarle tribulación u obstinación alguna, y menos aún invadir la función [del Juez] de adjudicar controversias ante su consideración y/o para influir en su determinación de culpabilidad o inocencia en ningún caso. Mi actuación al escribirle al señor Gilestra no estuvo teñida por motivaciones impropias ni mi intención fue la de violar los preceptos del Canon XXIII, de los de Ética Judicial vigente".

## II

El Canon XXIII reza:

El Juez debe evitar toda conducta o actuación que pueda dar base a la creencia de que ejerce o pretende ejercer influencia indebida en el ánimo de otro Juez en la consideración de un caso pendiente o futuro. El Juez no debe influir ni directa ni indirectamente, para conseguir colocarse en mejor situación que cualquier otro ciudadano en el litigio de sus causas personales.

El Juez no debe dar la impresión ni permitir que otros den la impresión al efecto de que éstos pueden tener alguna influencia sobre aquél.

*El Juez no debe prestar testimonio por iniciativa propia como testigo de reputación.* (Énfasis suplido.) 106 D.P.R. 1091, 1101 (1977).

El texto transcrito expone claramente el principio ético que intenta tutelar. Parte de la premisa de que en nuestra sociedad el cargo de juez es un cargo especial que proyecta una visión y noción pública destacada, de prestigio e influencia. Su opinión en y fuera del estrado, goza de una particular autoridad y respeto comunitario. En consecuen-

cia, su testimonio en causas y trámites judiciales conlleva un gran valor persuasivo. En la medida en que una comparecencia e intervención como testigo de reputación pueda afectar el resultado de un dictamen judicial, el canon prohíbe de manera absoluta toda gestión voluntaria. Únicamente por excepción admite el testimonio judicial compelido. Así se intenta evitar exponer al juez que preside, en la difícil y angustiosa tarea de adjudicar credibilidad sobre otro juez, y a este último adoptar posiciones cuyo resultado pudiera afectar la imagen de la judicatura.

## III

En las circunstancias de autos, los Jueces Arbona Torres y Jordán Musa infringieron el Canon XXIII. Su prohibición se extiende a cualquier foro judicial incluso la Corte federal. En vista del previo historial honroso de estos magistrados en la judicatura del país, de que sus conductas —aunque equivocadas— estuvieron animadas por un sentido de justicia, y que no hemos detectado ni se nos ha sugerido indicio de que fueran movidos por ninguna razón ajena a ese ideal, como no existe proceder corrupto e inmoral, estimamos suficiente sanción nuestra amonestación y una exhortación a todos los miembros de la judicatura sobre la observación estricta de los cánones.

*Se dictará la correspondiente sentencia.*