*In re* CARLOS QUIÑONES CAPACETTI.

*Número:* AD-2015-3        *Resuelto:* 5 de abril de 2016

*Aída N. Molinary de la Cruz*, presidenta de la Comisión de Disciplina del Tribunal Supremo de Puerto Rico, en informe; *Cristina Guevara Cáceres*, directora, y *Larissa Ortiz Modestti*, asesora legal, ambas de la Oficina de Asuntos Legales de la Oficina de Administración de los Tribunales, en informe; *Fernando M. Quiñones Bodega*, abogado de Carlos Quiñones Capacetti.

PER CURIAM: El Canon 31 de Ética Judicial, *infra*, impone unas restricciones claras y sencillas que constituyen parte de las limitaciones que conlleva el cargo de juez o jueza. En específico, que cuando estos o estas comparezcan como parte ante un foro judicial o un foro administrativo adjudicativo, se les prohíbe que sea por derecho propio.

## I

El 3 de marzo de 2015 la Directora Administrativa de la Oficina de Administración de los Tribunales presentó un Informe de Investigación con relación a la conducta del Hon. Carlos Quiñones Capacetti, juez municipal (juez Quiñones Capacetti). Del referido informe surge que el juez Quiñones Capacetti incurrió en una conducta violatoria del Canon 31 de Ética Judicial, 4 LPRA Ap. IV-B, cuando el 17 de septiem-

bre de 2014 solicitó la revisión de tres boletos por infracción a la Ley de Vehículos y Tránsito de Puerto Rico, Ley Núm. 22-2000 (9 LPRA sec. 5001 *et seq.*), a saber: por utilizar el teléfono mientras conducía el vehículo de motor, tintes indebidos y transitar desprovisto de registración. Al así hacerlo, el juez Quiñones Capacetti compareció por derecho propio. Del informe también surge que el magistrado compareció sin representación legal a la vista pautada para el 17 de octubre de 2014 ante el Tribunal de Primera Instancia, Sala de San Juan. En esa fecha, la juez que presidía la Sala le indicó que no podía atender el asunto y que el Juez Administrador proveería para un nuevo señalamiento.

Tras evaluar el referido informe, se determinó causa probable para presentar una querella contra el juez Quiñones Capacetti por violar el Canon 31, *supra*. En consecuencia, se procedió a presentar la correspondiente querella. El cargo imputado es el siguiente:

> El Querellado al presentar un recurso de revisión de boletos de tránsito por derecho propio y acudir a una vista sin representación legal, compareció como parte en un procedimiento judicial sin estar asistido de abogado o abogada, en contravención con lo dispuesto en el Canon 31 de Ética Judicial. Informe de la Comisión, pág. 2.

Durante los procedimientos de rigor ante la Comisión de Disciplina Judicial (Comisión), el juez Quiñones Capacetti adujo que la mera presentación del recurso de revisión no constituyó una comparecencia ante el foro primario. Asimismo, arguyó que compareció a la vista señalada para solicitar solamente su transferencia porque su representante legal no podía asistir. Alegó que no tuvo la oportunidad de expresarlo ante el foro primario, ya que la juez que presidió la sala indicó inmediatamente que no podía atender el caso y que consultaría con el Juez Administrador. Asimismo, el juez Quiñones Capacetti señaló que el 24 de octubre de 2014 su representante legal presentó una moción mediante la que asumió representación legal y para

solicitar señalamiento de vista.([1]) Posteriormente, las partes estipularon los hechos y presentaron sus respectivas posturas, y así quedó sometida la querella ante la Comisión sin la necesidad de celebrar una vista evidenciaria.

La Comisión rindió su informe el 20 de octubre de 2015, en el cual recogió los hechos antes expuestos. De igual forma, hizo constar que la querella presentada es el primer proceso disciplinario instado contra el juez Quiñones Capacetti. La Comisión señaló que lo acaecido refleja que el magistrado compareció al proceso judicial cuando presentó un recurso de revisión judicial en el que reclamó que los boletos no procedían. Destacó también que al completar el formulario de revisión, el juez Quiñones Capacetti no anunció que sería representado por un abogado en el apartado correspondiente y que esperó cinco semanas para informar quién sería su abogado. Asimismo, recalcó que durante su comparecencia a los procesos señalados para el 17 de septiembre de 2014, tampoco anunció su representación legal.

De igual forma, la Comisión descartó el planteamiento del juez Quiñones Capacetti a los efectos de que imponerle a los jueces y las juezas el requisito de que comparezcan con abogado o abogada ante un proceso adjudicativo en reclamaciones judiciales o en foros administrativos es contrario a derecho y a la igual protección de las leyes. En este sentido, la Comisión expresó que cuando el juez Quiñones Capacetti aceptó el cargo de juez lo hizo con ciertas restricciones a su conducta, tanto en sus funciones judiciales como en otras actividades. Por lo tanto, se autoimpuso la norma ética al aceptar el cargo. Igualmente, la exigencia de que los jueces y las juezas comparezcan representados con abogado o abogada es razonable, pues responde y persigue el fin público de que no se afecte la imagen e integridad del sistema judicial.

---

([1]) La vista fue señalada para el 18 de diciembre de 2014 y, mediante Resolución notificada el 30 de diciembre de 2014, se declararon "con lugar" los recursos de revisión presentados.

Finalmente, la Comisión concluyó que se probó con prueba clara, robusta y convincente que el juez Quiñones Capacetti incurrió en una conducta violatoria del Canon 31, *supra*. En consecuencia, la Comisión recomendó la suspensión temporal de las funciones y del sueldo del juez Quiñones Capacetti por un periodo de seis meses.

Por su parte, el juez Quiñones Capacetti compareció ante nos y reiteró su postura de que el mero hecho de completar un formulario para solicitar la revisión del boleto de tránsito no equivale a una comparecencia. A estos fines, argumentó que ello solo tiene el efecto de calendarizar los procesos sin que se adjudique cualquier planteamiento. A su vez, entiende que el Canon 31, *supra*, pretende salvaguardar la etapa adjudicativa de los procesos. En cuanto al hecho de que asistió sin representación legal a la vista del 17 de septiembre de 2014, el juez Quiñones Capacetti señaló que asistió con el fin de informar que su abogado no podía acudir a dicha vista, pero no pudo expresarse porque la jueza que presidía la Sala indicó que no podía atender el caso. Por lo tanto, sostiene que no existe evidencia de su intención de representarse. Así, entiende que no violó el Canon 31, *supra*.

No obstante, y en la alternativa de que este Tribunal entienda que se violó la referida disposición ética, sostiene que la medida disciplinaria recomendada es excesiva. En este sentido, expone que tal recomendación no considera que ha sido un servidor público abnegado, con un expediente intachable y excelente reputación. Destaca que desde que fue admitido a la práctica de la abogacía en el 2008 trabajó por cuenta propia y que luego fue designado a la Comisión de Donativos Legislativos, sin ser objeto de señalamientos por falta ética o corrupción. Asimismo, expone que desde su nombramiento como juez municipal se le ha reconocido su laboriosidad y compromiso con la Rama Judicial e, incluso, se le ha designado en más de veinte ocasiones para actuar como Juez Superior, una de éstas por un periodo de tres meses, y nunca ha sido objeto de algún señalamiento. Por lo

tanto, entiende que la sanción de suspensión de seis meses de sueldo es desproporcionada e injusta porque se distancia de sanciones impuestas en casos similares y le priva, como padre de familia, del sustento necesario para mantener su hogar y la manutención de su hija.

## II

Este Tribunal posee la autoridad exclusiva para atender los procedimientos disciplinarios relacionados con los jueces y las juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones. Art. V, Sec. 11, Const. ELA, LPRA, Tomo 1. En ese ejercicio, se aprobó un cuerpo de normas mínimas que rigen la conducta de los jueces y las juezas del sistema judicial. Véanse: *In re Quiñones Artau*, 193 DPR 356 (2015); *In re Claverol Siaca*, 175 DPR 177, 188 (2009).

El Preámbulo de los Cánones de Ética Judicial promueve una serie de aspiraciones dirigidas a proteger la independencia judicial, la administración efectiva e imparcial de la justicia y la confianza de la ciudadanía. Por ello, los cánones constituyen unos principios consustanciales al correcto ejercicio de quienes están llamados a impartir justicia. 4 LPRA Ap. IV-B, I. De igual forma, pauta que cuando el juez o la jueza asume su cargo acepta también ciertas restricciones a su conducta, tanto en el ejercicio de sus funciones judiciales como en sus demás actividades, ya sean personales o profesionales. Íd. Tales limitaciones no les privan de sus derechos como miembros de nuestra sociedad, sino que responden a los sacrificios que se requieren para enaltecer la integridad e independencia de su ministerio y estimular la confianza y el respeto en la Judicatura. Íd. Véanse, además: *In re Cancio González*, 190 DPR 290, 297 (2012); *In re Berríos Jiménez*, 180 DPR 474 (2010); *In re Nevárez Zavala*, 123 DPR 511, 524–525 (1989).

La política de que los jueces y las juezas se conduzcan

de forma que enaltezcan su cargo cobija incluso la apariencia de conducta del juez o jueza, de forma tal que se erradique cualquier interrogante sobre la función judicial. *In re Ramos Mercado*, 170 DPR 363, 392–393 (2007).

■ Dentro de las normas éticas avaladas por este Tribunal, se aprobó el Canon 31, *supra*, que dispone lo siguiente:

> Cuando las juezas y los jueces comparezcan como partes ante el foro judicial o ante un foro administrativo adjudicativo, estarán asistidos por abogado o abogada.
> Las juezas y los jueces no comparecerán por iniciativa propia a procesos judiciales como testigos de reputación.

El Canon 31, *supra*, incorporó lo establecido en el Canon 23 de Ética Judicial de 1977 y añadió la primera oración para atender la preocupación de este Tribunal con relación a la comparecencia de los jueces y las juezas a procedimientos adjudicativos. Antes de la aprobación del Canon 31, *supra*, este Tribunal consignó su insatisfacción de que un juez asumiera su propia representación legal durante un trámite de litigio ante el tribunal de primera instancia. A estos efectos, este Tribunal manifestó que "[n]o alcanzamos a ver justificación para que no se hiciera representar por un abogado de su selección", ya que "[l]os jueces debemos ser cautelosos cuando nos vemos obligados a ser parte en un pleito, especialmente de parte de quienes puedan interpretar que estamos tomando ventaja de nuestra posición". *Bonilla v. Citibank*, 116 DPR 705, 709 esc. 3 (1985).

La incorporación del Canon 31, *supra*, a las normas éticas mínimas que deben seguir los jueces y las juezas del sistema judicial atendió dos situaciones particulares. La primera, concerniente a que un miembro de la Judicatura comparezca como parte ante el tribunal o ante un organismo administrativo con facultades adjudicativas, y la segunda, cuando comparece como testigo de reputación. Estas comparecencias incluyen tanto los procedimientos adversativos como los *ex parte*. Véase *In re Aprobación Cánones Ética 2005*, 164 DPR 403, 463 (2005).

■ En particular, el Canon 31, *supra*, responde al interés de evitar que se empañe la imagen de imparcialidad de la Judicatura con la impresión de que se ejerce influencia en el ánimo del juzgador o la juzgadora de los hechos de un caso, o que se pretende tomar ventaja del cargo judicial cuando los jueces o las juezas comparecen como parte ante un compañero o compañera miembro de la Judicatura. *In re Aprobación Cánones Ética 2005*, supra, págs. 463–464.

Así, el Canon 31, *supra*, evita que se pueda interpretar que algún miembro del sistema judicial tome ventaja de su cargo cuando comparece por derecho propio ante un proceso adjudicativo, ya sea en el foro judicial o en el administrativo. La norma ética cobija, incluso, la comparecencia a los procedimientos *ex parte*. Véase *In re Aprobación Cánones Ética 2005*, supra. Obviamente, el propósito es erradicar cualquier apariencia que atente contra la independencia judicial, evitando que se entienda que el juez o jueza que comparece ante el foro busca aprovecharse de su cargo para obtener una decisión a su favor.

En este sentido, y con el fin de erradicar hasta la mera apariencia de conducta impropia, basta que un juez o una jueza presente por derecho propio su petición ante el foro judicial o adjudicativo en solicitud de algún remedio. Desde ese instante, el juez o jueza se somete a la jurisdicción del foro y se convierte en parte del proceso en el cual solicita un remedio o se defiende de una instancia en su contra. Asimismo, el juez o la jueza no puede asistir a una vista señalada sin estar acompañado por la correspondiente representación legal, pues podría crearse la percepción de que se le concederá cualquier petición por razón de su función judicial. Permitir tal conducta lesiona el propósito de la norma atendida por el Canon 31, *supra*.

Como corolario, no podemos avalar la postura del juez Quiñones Capacetti a los efectos de que su solicitud de revisión no constituyó una comparecencia como parte y, mucho menos, su alegación no creída por la Comisión de que solo acudió a la vista pautada para informar y solicitar que se transfiriera la vista para otra fecha porque su represen-

tación legal no podía acudir. Claramente, es este tipo de actuación la que puede dar la impresión de que se favorece y otorga lo solicitado a un compañero juez o compañera jueza del sistema judicial por razón de su cargo. Esa versión no está avalada por la prueba. Además, el representante legal del juez Quiñones Capacetti podía haber informado y solicitado la transferencia de la vista mediante una moción. Por consiguiente, concluimos que el juez Quiñones Capacetti infringió el Canon 31, *supra*.

## III

Por último, el juez Quiñones Capacetti cuestiona la recomendación de la Comisión en cuanto a la medida disciplinaria que se le impondría. Sobre este particular, es norma conocida que la Comisión realiza la importante función de aquilatar la prueba para formular las determinaciones de hechos, conclusiones de derecho y recomendaciones que estime pertinentes. *In re Ruiz Rivera*, 168 DPR 246, 253 (2006). Así, las determinaciones de hechos que realice merecen nuestra deferencia. *In re Saavedra Serrano*, 165 DPR 817, 829 (2005). No obstante, este Tribunal retiene la facultad para aplicar la acción disciplinaria que estime adecuada, por lo que no estamos obligados a aceptar las recomendaciones del comisionado especial sobre la querella disciplinaria. *In re Sierra Enríquez*, 185 DPR 830, 853 (2012); *In re Muñoz, Morell*, 182 DPR 738, 749–750 (2011); *In re Ruiz Rivera*, supra, pág. 278; *In re Hon. Maldonado Torres*, 152 DPR 858, 869 (2000).

La imposición de la medida disciplinaria sirve como una guía que estimula el cumplimiento con la importante encomienda que conlleva un cargo en la Judicatura. Por ello, hemos considerado la buena reputación profesional del juez o la jueza, la actitud desplegada, el grado de la conducta y las sanciones impuestas a conductas análogas para imponer

la medida disciplinaria que estimemos pertinentes. Véanse: *In re Claverol Siaca*, supra, pág. 197; *In re Suárez Marchán*, 159 DPR 724 (2003); S. Steidel Figueroa, *Ética y responsabilidad disciplinaria del abogado*, San Juan, Pubs. JTS, 2010, pág. 368.

De esta manera, debemos recordar que en *In re González Acevedo*, 165 DPR 81 (2005), una jueza municipal instó en el tribunal —en el cual estaba designada como juez— dos recursos de revisión de boletos administrativos por violación a la Ley de Vehículos y Tránsito de Puerto Rico, ello con pleno conocimiento de que la sala carecía de competencia para considerar el recurso y que éstos serían asignados a su compañera de oficina. Al así hacerlo, la jueza municipal solo expuso como fundamento para cuestionar los boletos que no se cometió la falta. A su vez, como estaba de vacaciones, procedió a delegar la presentación del recurso de revisión a una secretaria del tribunal. Así las cosas, y sin celebrar vista, la compañera de oficina de la juez municipal decretó el archivo de los boletos. Como consecuencia, se le imputó a la jueza municipal que solicitó la revisión de los boletos, haber lesionado la imagen de imparcialidad, procurar trato desigual para sí y crear la impresión de influir en el proceso. Este Tribunal determinó que la jueza municipal compareció como parte promovente ante el foro en el cual adjudicaba controversias, y que sus actuaciones dan base para que se crea que ejerció o pretendió ejercer influencia indebida en el ánimo de otro juez. Por consiguiente, se le impuso como medida disciplinaria la suspensión de empleo y sueldo por el término de tres meses.

En la imposición de medidas disciplinarias, entendemos que casos similares ameritan sanciones análogas. *In re González Acevedo*, supra, pág. 104. Al evaluar los actos cometidos por el juez Quiñones Capacetti, entendemos que la conducta incurrida es de la severidad de la acontecida en *In re González Acevedo*, supra. En primer lugar, el juez Quiñones Capacetti acudió al foro con competencia, en el cual no ejercía su cargo como juez municipal. Además, eventualmente

éste contrató representación legal y así siguió el proceso de revisión correspondiente, hasta que finalizó. Tampoco estamos ante un esquema dirigido a recibir un trato preferencial por razón de su cargo como juez municipal. Así, concluimos que el término de seis meses recomendado por la Comisión resulta excesivo y desproporcionado, máxime considerando el desempeño jurídico del juez Quiñones Capacetti. Ahora bien, es innegable que el juez Quiñones Capacetti infringió el claro lenguaje del Canon 31, *supra,* por lo que procede una suspensión de empleo y sueldo por el término de tres meses, la cual resulta una medida proporcional a las acciones desplegadas por el magistrado.

## IV

Por los fundamentos expuestos, *decretamos la suspensión de empleo y sueldo por el término de tres meses del juez Quiñones Capacetti.*

*Se dictará Sentencia de conformidad.*

La Juez Asociada Señora Rodríguez Rodríguez emitió una opinión de conformidad, a la cual se unió la Jueza Presidenta Oronoz Rodríguez.

— O —

Opinión de conformidad emitida por la Juez Asociada Señora Rodríguez Rodríguez, a la que se une la Jueza Presidenta Oronoz Rodríguez.

Estoy conforme con el dictamen emitido por este Tribunal y la correspondiente sanción impuesta al juez Carlos Quiñones Capacetti por violar las disposiciones del Canon 31 de Ética Judicial de 2005, 4 LPRA Ap. IV-B. Estimo que aquellos miembros de nuestra Judicatura que actúan en contravención a los postulados normativos que rigen tanto su gestión profesional como su vida personal, los sobrelleva una preocupante irreflexión. Esto, pues olvidan que las

consecuencias de su proceder no se limitan a su persona, sino que pueden producir efectos que estremecen el cimiento de nuestro sistema de justicia, a saber, la confianza que el pueblo deposita en su Judicatura. Mi repudio a actuaciones como éstas me obligan a emitir estas expresiones.

## I

El 17 de septiembre de 2014, el juez Quiñones Capacetti instó, por derecho propio, tres escritos intitulados Recurso de Revisión (OAT-960) ante el Tribunal de Primera Instancia, Sala de San Juan, con relación a varias multas expedidas en su contra por infracciones a la Ley de Vehículos y Tránsito de Puerto Rico, Ley Núm. 22-2000 (9 LPRA sec. 5001 *et seq.*). Transcurrido un (1) mes desde la presentación de los referidos recursos, el 17 de octubre de 2014 se celebró la vista correspondiente. El juez Quiñones Capacetti compareció a ésta sin representación legal.

Según surge del expediente, el juez Quiñones Capacetti planteó que compareció a la referida vista únicamente con la intención de solicitar la transferencia de ésta. Ello, debido a que su representación legal no podía asistir. No obstante, éste arguyó que no cumplió su cometido ya que, comenzada la vista, la Hon. María de Lourdes Camareno Dávila le informó que no podía atender el caso y detuvo los procedimientos para consultar el asunto con el Juez Administrador.

Ahora bien, surge de los hechos estipulados por las partes que, posteriormente, la juez Camareno Dávila regresó a sala e informó para récord que referiría el caso al Juez Administrador. En ese momento, contrario a lo argüido por el juez Quiñones Capacetti, éste tuvo la oportunidad de dirigirse al tribunal. No obstante, se limitó a indagar sobre la fecha para la que sería reseñalada la vista. Por lo tanto, resulta evidente que el juez Quiñones Capacetti, a pesar de tener la oportunidad de hacer constar para récord que éste

contaba con representación legal y la razón para su incomparecencia, no hizo mención alguna sobre ello.

## II

La Parte IV de los Cánones de Ética Judicial de 2005 (4 LPRA Ap. IV-B) regula lo referente a las actuaciones extrajudiciales de los miembros de la Judicatura. En particular, nos concierne lo dispuesto en el Canon 31, que en lo pertinente reza como sigue: "[c]uando las juezas y los jueces comparezcan como partes ante el foro judicial o ante un foro administrativo adjudicativo, estarán asistidos por un abogado o abogada". 4 LPRA Ap. IV-B.

Este precepto disciplinario persigue evitar que se mancille la imagen de imparcialidad de los miembros de la Judicatura en ocasiones donde se pueda interpretar que éstos aparentan tomar ventaja del cargo judicial que ostentan para ejercer una influencia indebida sobre un juzgador. El fundamento para esta medida profiláctica descansa en la idea que, en nuestra sociedad, el cargo de juez está revestido de prestigio e influencia. Véase *In re Suárez Marchán*, 159 DPR 724, 738 (2003); *In re Comunicación Juez Pérez Giménez*, 112 DPR 683, 685 (1982). Por ello, incluso previo a la redacción del precitado Canon 31, expresamos que un juez no debe asistir a procedimientos judiciales sin representación legal. *Bonilla v. Citibank*, 116 DPR 705, 709 esc. 3 (1985).

Ahora bien, una conducta similar a la que nos ocupa fue analizada por este Tribunal en *In re González Acevedo*, 165 DPR 81 (2005). En lo pertinente, en esa ocasión pasamos juicio sobre las actuaciones de la juez Karen Pagán Pagán quien, sin representación legal, presentó ante el Tribunal de Primera Instancia dos recursos de revisión de boletos administrativos por violaciones a la Ley de Vehículos y Tránsito de Puerto Rico. Es preciso destacar que esta controversia fue resuelta al amparo del Canon XXIII de Ética

Judicial de 1977 (4 LPRA Ap. IV-A).([1]) Contrario al Canon 31 de Ética Judicial de 2005, dicho cuerpo normativo no contaba con una disposición que proscribiera, de forma literal y taxativa, la comparecencia de un juez, por derecho propio, a procesos administrativos o judiciales.

En consideración a lo anterior, la conducta que este Tribunal tildó como reprochable fue el que la juez Pagán Pagán haya presentado los recursos de revisión en una sala que carecía de competencia y a sabiendas de que su compañera de oficina, la juez Jeannette González Acevedo, sería quien las atendería.

## III

Todo miembro de la Judicatura tiene el deber ministerial de dar fiel cumplimiento a la ley. En atención a ello, el Preámbulo de los Cánones de Ética Judicial de 2005 dispone que "los jueces serán [...] rigurosos al estudia[r] [los cánones] y aplicarlos a sus realidades particulares". 4 LPRA Ap. IV-B, C. I. Este principio ineludible se encuentra, además, consagrado en el Canon 1: "los jueces respetarán y cumplirán la ley y serán fieles al juramento de su cargo". 4 LPRA Ap. IV-B.

Por otra parte, el cargo judicial requiere desplegar un comportamiento ejemplar en todo momento, tanto dentro como fuera del tribunal, ya que "[l]a confianza que deposita el pueblo en la justicia exige que los jueces actúen correctamente y promuevan la impresión de que actúan con-

---

([1]) Este canon proscribía aquella conducta o actuación de un juez que pudiera dar base a la creencia de que éste ejercía, o pretendía ejercer, una influencia indebida sobre otro juez en consideración a un caso. Asimismo, le instruía a los miembros de la Judicatura a no ejercer influencia, directa o indirectamente, para colocarse en una mejor posición que otro ciudadano respecto a sus causas personales. Por otra parte, disponía que un juez no podía dar la impresión, ni permitir que otros la dieran, de que un tercero podría tener influencia sobre éste. Finalmente, disponía, categóricamente, que un juez no debía prestar testimonio, por iniciativa propia, como testigo de reputación. Véase 4 LPRA Ap. IV-A, C. XXIII (derogado). Cabe señalar que los primeros dos párrafos del Canon XXIII se convirtieron en el Canon 30 de Ética Judicial de 2005. Véase 4 LPRA Ap. IV-B, C. 30.

forme a los más altos niveles de principios morales". *In re Quiñones Artau*, 193 DPR 356, 376 (2015). Véase, también, *In re Claverol Siaca*, 175 DPR 177 (2009); *In re Grau Acosta*, 172 DPR 159 (2007).

Como corolario de lo que antecede, los miembros de la Judicatura tienen que aceptar ciertas restricciones a su conducta, tanto en el ámbito de su función judicial como en el contexto de su vida profesional y personal. Estas "limitaciones constituyen sacrificios en su vida pública y privada que tienen el propósito de enaltecer la integridad e independencia de la Judicatura". *In re Claverol Siaca*, supra, pág. 188.

## IV

La Judicatura puertorriqueña se encuentra en un momento clave de su historia. Desafortunadamente, este hito se caracteriza por la erosión en la confianza depositada por la ciudadanía en el sistema de justicia. Para atajar esta crisis, la Rama Judicial se ha dado a la tarea de revitalizar los procedimientos de disciplina judicial para facilitarle a la ciudadanía la presentación de quejas contra miembros de la Judicatura y proveerle a los procesos disciplinarios la agilidad y transparencia debidas para atender las quejas de la forma más efectiva.

Ahora, más que nunca, tenemos la responsabilidad de garantizarle a la ciudadanía una Judicatura honesta e íntegra. La consecución de este cometido no puede ser menospreciada, ya que una ciudadanía sin confianza en su Judicatura corre el riesgo de quebrantar la legitimidad de su estado de derecho. En fin, es necesario ejercer nuestro quehacer disciplinario con el rigor necesario.

"Los jueces deben ser fieles cumplidores de la ley y de las normas que rigen los procedimientos judiciales desde el estrado y fuera de él". *In re González Acevedo*, supra, pág. 103. El juez Quiñones Capacetti violó el Canon 31 de Ética Judicial de 2005 de varias formas. En primer lugar, pre-

sentó el formulario Recurso de Revisión (OAT-960) sin incluir la información de su alegada representación legal. Por otra parte, el juez Quiñones Capacetti se cruzó de brazos durante un (1) mes —transcurrido desde la presentación de los recursos hasta la fecha de la vista— y no informó al tribunal que ostentaba representación legal. Por último, éste compareció a la vista y no hizo constar en récord —evidenciada la oportunidad que tenía de hacerlo— que éste tenía representación legal, mas no podría comparecer a la vista.

No es preciso concluir sin reiterar, una vez más, el hecho de que el canon bajo análisis en esta ocasión establece tajantemente la obligación de todo miembro de la Judicatura de comparecer ante procesos administrativos y judiciales mediando representación legal. Asimismo, puntualizamos que surge con claridad de la jurisprudencia antes reseñada que la conducta en que incurrió el juez Quiñones Capacetti fue vedada por este Tribunal aun con anterioridad a la aprobación del Canon 31 de Ética Judicial de 2005.

El juez Quiñones Capacetti tenía que dar fiel cumplimiento a aquellos preceptos éticos que juró acatar. Su conducta, según surge de los hechos, denotan una patente desidia a las normas que deben regir su proceder o, igualmente preocupante, un desconocimiento de las mismas.

## V

El dictamen que hoy emite este Tribunal sirve como cortapisa para estas actuaciones, desafortunadamente reiteradas, de algunos miembros de la Judicatura que optan por ultrajar la imagen de imparcialidad y honradez que encarna la toga que juraron llevar. Tenemos una obligación inquebrantable de "rendir cuentas" sobre nuestras actuaciones, tal y como nos recordó la Jueza Presidenta Oronoz Rodríguez en ocasión de su juramento: "[L]a rendición de cuentas exige que atendamos con prontitud y con el mayor rigor posible cualquier alegación de conducta reñida con

los principios éticos por parte de quienes componemos el sistema de justicia. En palabras llanas: cuando fracasemos en nuestro ministerio, tiene que haber consecuencias".

A su vez, invito a que nuestro pronunciamiento sea acogido por todos aquellos que acuden a nuestros tribunales como proclama del compromiso incansable de este Tribunal en defensa de nuestro sistema de justicia y como demostración de la rigurosidad con que atenderemos señalamientos de esta índole para salvaguardar la confianza que el pueblo ha depositado en su Judicatura.